In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jenelle GLASBRENNER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jenelle GLASBRENNER, Respondent.

Supreme Court

*No. 2003AP2647–D. Decided April 22, 2005.*

2005 WI 50

(Also reported in 695 N.W.2d 291.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Jenelle Glasbrenner and the Office of Lawyer Regulation (OLR) concerning Attorney Glasbrenner's professional misconduct consisting of over billing the Office of the Wisconsin State Public Defender (SPD) for work she had performed for them. The parties' stipulation was reached after a two-day hearing before Referee John R. Decker. Referee Decker reviewed the stipulation and issued a report recommending the level of discipline to which the parties stipulated, a six-month suspension of Attorney Glasbrenner's license to practice law in Wisconsin. In addition, the referee recommended that Attorney Glasbrenner be ordered to pay the costs of this disciplinary proceeding.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also agree with the referee's conclusions of law that Attorney Glasbrenner engaged in professional misconduct and further agree that the seriousness of that

misconduct warrants a six-month suspension of Attorney Glasbrenner's license to practice law in Wisconsin.

¶ 3. Attorney Glasbrenner was admitted to practice law in Wisconsin in 1999. She has not previously been disciplined. Her first employment as an attorney was working as an associate in a law firm that focused on criminal defense matters. Attorney Glasbrenner was paid a salary by the law firm and was not involved in billing clients. In May 2000, Attorney Glasbrenner was hired by a law firm that later became known as Johnson, Danz & Lettenberger (JD&L). A large portion of Attorney Glasbrenner's caseload at JD&L consisted of appointments by the SPD. Attorney Glasbrenner immediately had a large caseload and was confronted with many deadlines.

¶ 4. Attorney Glasbrenner received minimal instruction in billing from more experienced attorneys at the law firm. Attorney Glasbrenner was advised by the firm's more experienced attorneys that she could bill as a unit for certain tasks that she performed as an SPD attorney. In fact this advice was erroneous. Attorney Glasbrenner's billing practices were sloppy. She did not always bill her time contemporaneously, and she would prepare her bills on a case-by-case basis after the cases had been concluded.

¶ 5. The OLR presented evidence that between May 2000 and December 2001, Attorney Glasbrenner over billed the SPD. She submitted bills to the SPD for approximately 2789 hours in 2000 and 4413 hours in 2001. The bills did not always reflect the actual time she had spent on the matters for which she requested payment. At times the bills were excessive and unreasonable.

¶ 6. In early 2002, the SPD advised Attorney Glasbrenner that it was auditing her billings and it removed

her from the appointment list. Attorney Glasbrenner cooperated with the SPD in its audit. On May 30, 2002, Attorney Glasbrenner met with the head of the SPD's assigned counsel division, who advised her of the results of the audit. The SPD official's impression was that Attorney Glasbrenner was quite surprised at the number of irregular claims that had been submitted, and she immediately apologized. During that meeting, the SPD presented Attorney Glasbrenner with a proposed agreement. She signed the agreement within four days without making changes or negotiating the amount. Under the agreement Attorney Glasbrenner agreed to pay $40,000 to the SPD within one month of signing the agreement; she agreed not to submit any additional claims for SPD work, even though she had already completed the work; she agreed to relinquish those claims that she had already submitted to the SPD for which she had not yet been paid; and she agreed to complete her work on a number of SPD cases at no cost to the SPD.

¶ 7.    SPD officials assigned to the matter testified at the hearing before the referee that Attorney Glasbrenner met all of the terms of the agreement. SPD officials also testified that Attorney Glasbrenner fully repaid the SPD and, if anything, she overpaid them. Two SPD officials assigned to the matter testified that they believed Attorney Glasbrenner did not intend to over bill the SPD.

¶ 8.    Attorney Glasbrenner testified at the hearing before the referee that she did not intend to over bill the SPD. She admitted she had sloppy billing habits and had received minimal instruction as a new attorney, but she said she took full responsibility for her acts. Other attorneys testified that Attorney Glasbrenner was an outstanding attorney who worked long hours as a

vigorous advocate for her clients. There was also testimony that she had an excellent professional reputation and character.

¶ 9.   Based on her over billing to the SPD, Attorney Glasbrenner was charged with one count of misdemeanor theft by fraud. She entered an *Alford*[1] plea to the charge and was ordered to pay a fine of $5000 plus costs, which she did.

¶ 10.   Since the time of the SPD audit Attorney Glasbrenner said she has changed her billing practices and consults with at least one more experienced mentor when billing issues are presented. There was no evidence that Attorney Glasbrenner's billing impacted the representation of her clients.

¶ 11.   Attorney Glasbrenner and the OLR stipulated that her conduct violated SCR 20:8.4(c)[2] in that on multiple occasions, she engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. The parties also stipulated that Attorney Glasbrenner's conduct violated SCR 20:1.5(a)[3] in that on multiple occasions she billed and sought payment for attorney's fees that were unreasonable. The parties further stipulated that an appropriate level of discipline to impose upon Attorney Glasbrenner was a six-month suspension of her license to practice law in Wisconsin so that if she wishes to pursue reinstatement she will be required to prove her fitness to licensure in a formal reinstatement proceeding.

---

[1] *North Carolina v. Alford,* 400 U.S. 25 (1970).

[2] SCR 20:8.4(c) provides:   "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:1.5(a) provides:   "(a) A lawyer's fee shall be reasonable. . . ."

¶ 12.    The referee's report adopted the parties' findings of fact. The referee also concluded, as a matter of law, that Attorney Glasbrenner's conduct violated SCR 20:8.4(c) and SCR 20:1.5(a). The referee also came to the independent conclusion that a six-month suspension of Attorney Glasbrenner's license to practice law in Wisconsin was an appropriate sanction for her misconduct.

¶ 13.    The referee noted that Attorney Glasbrenner had only limited experience in law practice at the times in question, and she received little guidance from more experienced attorneys with respect to timekeeping and billing. The referee said to Attorney Glasbrenner's credit, she did not seek to excuse her misconduct on the basis of improper guidance from more senior attorneys. The referee also commented there was no showing that Attorney Glasbrenner was afflicted by greed for money and it appeared "that a strong competitive drive urged her on to an excessive zeal in expenditure of time and the piling up of billable hours."

¶ 14.    The referee further noted that Attorney Glasbrenner immediately returned or forfeited to the SPD the entire amount the SPD contended had been over billed, using assumptions most favorable to the SPD. The referee said:

> The evidence demonstrated that Attorney Glasbrenner was and is energetic, competent, driven, mature and extremely self-confident. This self-confidence proved her undoing when it crossed the line into hubris. Hubris produced an evident attitude that the rules didn't apply to her, and thus an indifference to them. This I view as a form of character flaw which the respondent can and must demonstrate she has corrected.

¶ 15.    A referee's findings of fact are to be affirmed unless they are clearly erroneous. *In re Disciplinary*

*Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review conclusions of law de novo. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. The record supports the referee's findings of fact and conclusions of law and we adopt them. We determine that the seriousness of Attorney Glasbrenner's misconduct warrants the suspension of her license to practice law for a period of six months. We further agree that Attorney Glasbrenner should be required to pay the costs of the proceeding, which are $12,876.70 as of February 16, 2005.

¶ 16.   IT IS ORDERED that the license of Jenelle Glasbrenner to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 17.   IT IS FURTHER ORDERED that Attorney Glasbrenner comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 18.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Jenelle Glasbrenner pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay those costs within that time, the license of Attorney Jenelle Glasbrenner to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 19.   N. PATRICK CROOKS, J., did not participate.