In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jenelle GLASBRENNER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jenelle GLASBRENNER, Respondent.

Supreme Court

*No. 2003AP2647–D. Decided May 2, 2006.*

2006 WI 35

(Also reported in 713 N.W.2d 627.)

25

 

¶ 1. PER CURIAM. We review a referee's report recommending that Jenelle Glasbrenner's license to practice law in Wisconsin be reinstated. The Office of Lawyer Regulation (OLR) and the Board of Bar Examiners (BBE) have both joined in that favorable recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Glasbrenner's license to practice law should be reinstated upon the conditions recommended by the referee. We further direct Attorney Glasbrenner to pay the costs of the reinstatement proceeding, which total $2168.55 as of March 3, 2006.

¶ 3. Attorney Glasbrenner was admitted to practice law in Wisconsin in 1999. On April 22, 2005, this court suspended her license to practice law for six months for professional misconduct consisting of over billing the Office of the Wisconsin State Public Defender (SPD) for work she had performed for them. *See In re Disciplinary Proceedings Against Glasbrenner,* 2005 WI 50, 280 Wis. 2d 37, 695 N.W.2d 291.

¶ 4. Attorney Glasbrenner now seeks reinstatement of her license to practice law in Wisconsin. Judith Sperling-Newton was appointed referee in the matter and conducted a formal hearing on the reinstatement petition. The referee filed her report and recommendation on February 13, 2006, and recommended that this court grant the petition for reinstatement. As noted above, the OLR and·the BBE have both joined in that favorable recommendation.

¶ 5. SCR 22.31(1) provides the standard to be met for reinstatement of a law license. The petitioner has

the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).[1]

¶ 6. The referee in this case concluded that Attorney Glasbrenner had met all of the criteria for reinstatement, including repaying the SPD for the amounts over billed and paying the costs of the disciplinary proceeding. The referee concluded that Attorney Glasbrenner met her burden of demonstrating that her license to practice law in Wisconsin should be reinstated. The referee specifically found that Attorney Glasbrenner was genuinely remorseful about her conduct and that she did not appear to be making excuses

---

[1] SCR 22.31(1) provides: Reinstatement hearing.

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

or avoiding responsibility for her actions. The referee also noted that Attorney Glasbrenner sought an attorney mentor to assist her in complying with the rules of professional conduct and that she has said she intends to continue using the attorney mentor if her license to practice is reinstated.

¶ 7. The referee recommended that Attorney Glasbrenner's license to practice law be reinstated with the following conditions: (1) that she keep formal, accurate, and contemporaneous accounting of her time to be entered into her law firm's billing system; and (2) that the OLR have the authority, for two years following her reinstatement, to supervise her in this regard and to require that she report to the OLR as requested with respect to her billing practices.

¶ 8. After careful review of the record we agree that Attorney Glasbrenner has established by clear, satisfactory, and convincing evidence that she has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Glasbrenner's license to practice law in Wisconsin, subject to the conditions recommended by the referee. We further direct Attorney Glasbrenner to pay the costs of the reinstatement proceeding.

¶ 9. IT IS ORDERED that the petition for reinstatement of the license of Jenelle Glasbrenner to practice law in Wisconsin is granted, effective the date of this order.

¶ 10. IT IS FURTHER ORDERED that the reinstatement of Attorney Glasbrenner's license to practice law be subject to the following conditions: (1) that she keep formal, accurate, and contemporaneous accounting of her time to be entered into her law firm's billing

system; and (2) that the OLR have the authority, for two years following her reinstatement, to supervise her in this regard and to require that she report to the OLR as requested with respect to her billing practices.

¶ 11. IT IS FURTHER ORDERED that within six months of the date of this order Jenelle Glasbrenner pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of her inability to pay the costs within that time, the license of Jenelle Glasbrenner to practice law in Wisconsin shall be suspended until further order of the court.

¶ 12. N. PATRICK CROOKS, J., took no part.