IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Kristin J. GERNETZKE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kristin J. GERNETZKE, Respondent.

Supreme Court

*No. 2006AP2629–D. Decided January 19, 2007.*

2007 WI 6

(Also reported in 725 N.W.2d 942.)

¶ 1. PER CURIAM. We review the stipulation filed by Kristin J. Gernetzke and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12,[1] wherein Attorney Gernetzke admits to the facts and misconduct alleged by the OLR as set forth in the parties' stipulation. The misconduct giving rise to this disciplinary matter involved improper and undocumented billings that Attorney Gernetzke submitted to the Office of the State Public Defender (SPD).

¶ 2. We adopt the stipulated facts and conclusions of law. We agree that Attorney Gernetzke's misconduct warrants suspension of her license to practice law for a period of six months, and we further agree that restitution is appropriate as discussed herein. The parties do not seek to impose the costs of this proceeding upon Attorney Gernetzke and we accede to that recommendation.

¶ 3. Attorney Gernetzke was admitted to practice law in Wisconsin in 2002. She has no previous disciplinary history.

¶ 4. From September 2002 until May 7, 2005, Attorney Gernetzke was an associate attorney with the

---

[1] SCR 22.12 provides in relevant part that (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

offices of Skemp & Associates in La Crosse. From May 7, 2005, until her termination on October 20, 2005, she was an associate attorney with the firm of O'Flaherty, Heim & Egan, Ltd., ("O'Flaherty firm") also in La Crosse. Throughout this period, Attorney Gernetzke was certified to work as a public defender by the SPD and undertook a number of cases in that capacity.

¶ 5. While practicing with Skemp & Associates, Attorney Gernetzke began to utilize a billing entry described as "develop legal theory" on bills she submitted to the SPD. This type of entry requires certain documentation in the file to be acceptable. Attorney Gernetzke, however, submitted numerous billings under the category "develop legal theory" without creating proper documentation. In some cases, no work had been done on the file or the entries were made as a result of Attorney Gernetzke "thinking" about the case. Eventually, the O'Flaherty firm terminated Attorney Gernetzke's employment because of her use of the "develop legal theory" entries on bills submitted to the SPD, and filed a grievance with the OLR.

¶ 6. The OLR investigators reviewed 26 of the files Attorney Gernetzke worked on for the SPD and determined that Attorney Gernetzke was paid $5120 for time described as "develop legal theory." Additional billings totaling $2698 submitted under this category were pending at the time of the OLR investigation. The SPD conducted an additional review of its files and independently demanded Attorney Gernetzke return additional monies paid to her for billing entries designated as "develop legal theory."

¶ 7. The parties stipulated that the entries Attorney Gernetzke designated and billed as "develop legal theory" were without support, improper, inflated, and

constituted conduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c).[2]

¶ 8. The parties further stipulated that restitution was appropriate. At the time the stipulation was executed, Attorney Gernetzke had made restitution to the SPD in the amount of $5000 and had waived claims from additional billings submitted to the SPD in the amount of $8716.87. This court is advised that Attorney Gernetzke is in the process of negotiating a plan to repay her remaining obligations to the SPD. The stipulation indicates that restitution to her former law firm may also be appropriate.[3]

¶ 9. We accept the parties' stipulation and recommendations regarding discipline. *Cf. In re Disciplinary Proceedings Against Glasbrenner,* 2005 WI 50, 280 Wis. 2d 37, 695 N.W.2d 291. Consistent with the parties' stipulation, we will not impose the costs of this proceeding upon Attorney Gernetzke.

¶ 10. IT IS ORDERED that the license of Attorney Kristin J. Gernetzke to practice law in Wisconsin is suspended for a period of 6 months, effective March 2, 2007.

---

[2] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] The parties' stipulation did not expressly set forth the amount of restitution, if any, that Attorney Gernetzke still owes the SPD or her former law firms. Therefore, we do not impose a specific order regarding restitution at this time. Attorney Gernetzke is reminded that a petition for reinstatement requires the petitioner to demonstrate that she has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so. *See* SCR 22.29(4m).

¶ 11.  IT IS FURTHER ORDERED that Attorney Kristin J. Gernetzke shall comply with the requirements of SCR 22.26 pertaining to activities following suspension.