In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kristin J. GERNETZKE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kristin J. GERNETZKE, Respondent.

Supreme Court

*No. 2006AP2629–D. Decided July 17, 2008.*

2008 WI 100

(Also reported in 752 N.W.2d 339.)

1

¶ 1. PER CURIAM. We review a referee's report recommending that Kristin J. Gernetzke's license to practice law in Wisconsin be reinstated.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Gernetzke's license to practice law should be reinstated upon the conditions recommended by the referee. We further direct Attorney Gernetzke to pay the costs of the reinstatement proceeding, which total $2,895.92, as of February 27, 2008.

¶ 3. Attorney Gernetzke was admitted to practice law in Wisconsin in 2002. Her license was suspended for a period of six months, effective March 2, 2007, as a result of improper and undocumented billings that she submitted to the Office of the State Public Defender (SPD). *See In re Disciplinary Proceedings Against Gernetzke*, 2007 WI 6, 298 Wis. 2d 607, 725 N.W.2d 942.

¶ 4. On August 30, 2007, Attorney Gernetzke filed a petition for reinstatement. Thomas H. Taylor was appointed referee. On February 8, 2008, the referee filed a report recommending that Attorney Gernetzke's reinstatement petition be granted. In his report, the referee noted that Attorney Gernetzke complied with this court's decision and order suspending her license. He further noted that since the time of her suspension, Attorney Gernetzke has provided significant care and assistance to her elderly mother, as well as being employed as a real estate project coordinator at Ashley Furniture. The referee noted that if her license is reinstated, Attorney Gernetzke hopes to evolve into an in-house legal counsel position at Ashley Furniture.

¶ 5. The referee noted that Attorney Gernetzke accepts full responsibility for her professional misconduct and that she has paid full restitution, exceeding $21,000, to the SPD's office. The referee said Attorney Gernetzke's behavior has been above reproach during her suspension.

¶ 6. The referee recommended that Attorney Gernetzke's license to practice law in Wisconsin be reinstated subject to the following conditions:

1. For a period of three years from the effective date of reinstatement, Attorney Gernetzke shall engage in the practice of law in Wisconsin under the direct supervision of a licensed attorney acceptable to and approved by the Office of Lawyer Regulation (OLR).

2. Within ten days of the effective date of reinstatement, Attorney Gernetzke shall provide her supervising attorney with copies of this court's January 19, 2007, decision and its decision in this case.

3. Attorney Gernetzke's supervising attorney shall have all the duties generally held by a supervising attorney under SCR 20:5.1(b).

4. Attorney Gernetzke's supervising attorney shall file quarterly reports with the OLR.

5. If Attorney Gernetzke changes her place of residence or employment at any time during the three-year period, she shall promptly notify the OLR.

6. Attorney Gernetzke shall be responsible for the timely filing of all reports and notices and those reports and notices shall be mailed to the OLR.

7. If Attorney Gernetzke fails to comply with any of the foregoing terms and conditions, her license shall be suspended.

¶ 7. The referee also recommended that the costs of this proceeding be assessed against Attorney Gernetzke, and that she be required to pay the full costs within 180 days.

¶ 8. On January 17, 2008, the Board of Bar Examiners (BBE) recommended Attorney Gernetzke's reinstatement to the practice of law in Wisconsin subject to her compliance with current CLE requirements.

¶ 9. The standards to be met for reinstatement of a law license are provided in SCR 22.31(1).[1] The petitioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

---

[1] SCR 22.31(1) provides as follows:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

4

¶ 10.   After review of the record, we agree with the referee that Attorney Gernetzke has established by clear, satisfactory, and convincing evidence that she has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation to reinstate Attorney Gernetzke's license to practice law in Wisconsin. We also find it appropriate to impose the conditions recommended by the referee. Since it is not clear when Attorney Gernetzke will actually be resuming the practice of law, we have revised the first condition proposed by the referee. We further direct Attorney Gernetzke to pay the costs of the reinstatement proceedings.

¶ 11.   IT IS ORDERED that the petition for reinstatement of the license of Kristin J. Gernetzke to practice law in Wisconsin is granted, effective the date of this order.

¶ 12.   IT IS FURTHER ORDERED that the reinstatement of Attorney Gernetzke's license to practice law be subject to the following conditions:

1.   For a period of three years from the date she resumes the practice of law, Attorney Gernetzke shall engage in the practice of law in Wisconsin under the direct supervision of a licensed attorney acceptable to and approved by the Office of Lawyer Regulation.

2.   Within ten days of the date Attorney Gernetzke resumes the practice of law, Attorney Gernetzke shall provide her supervising attorney with copies of this court's January 19, 2007, decision and its decision in this case.

3.   Attorney Gernetzke's supervising attorney shall have all the duties generally held by a supervising attorney under SCR 20:5.1(b).

4. Attorney Gernetzke's supervising attorney shall file quarterly reports with the Office of Lawyer Regulation.

5. If Attorney Gernetzke changes her place of residence or employment at any time during the three-year period, she shall promptly notify the Office of Lawyer Regulation.

6. Attorney Gernetzke shall be responsible for the timely filing of all reports and notices and those reports and notices shall be mailed to the Office of Lawyer Regulation.

7. If Attorney Gernetzke fails to comply with any of the foregoing terms and conditions, her license shall be suspended.

¶ 13. IT IS FURTHER ORDERED that within 180 days of the date of this order, Kristin J. Gernetzke shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of her inability to pay the costs within that time, the license of Kristin J. Gernetzke to practice law in Wisconsin shall be suspended until further order of the court.