COURT OF APPEALS
DECISION
DATED AND FILED

May 20, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP10**

STATE OF WISCONSIN

Cir. Ct. No. 2023TP62

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.K., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

F.S.-E.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed.*

¶1     DONALD, P.J.[1]  F.S.-E. appeals from a circuit court order denying his request for an evidentiary hearing, which he asserts was necessary to determine whether his no contest plea had been made knowingly, intelligently, and voluntarily.  F.S.-E. asserts that the court did not properly conduct its colloquy when determining whether F.S.-E. understood his rights in making his no contest plea.  Specifically, F.S.-E. takes issue with how often the circuit court paused during its colloquy to ask if F.S.-E. understood the specific trial rights he was waiving by pleading no contest.  Because we conclude that F.S.-E. has not made a sufficient prima facie showing that he is entitled to an evidentiary hearing, we affirm.

## BACKGROUND

¶2     In April 2023, the State filed a petition to terminate F.S.-E.'s parental rights to his child, J.K.  The petition alleged that J.K. had previously been found to be a child in need of protection or services ("CHIPS") in September 2020, which resulted in J.K. being placed in out-of-home care.  In establishing grounds for the termination of F.S.-E.'s parental rights, the petition alleged that F.S.-E. had abandoned J.K. and that F.S.-E. had failed to assume parental responsibility for J.K., specifically that F.S.-E. had failed to establish a substantial parental relationship with J.K.

¶3     At the grounds-stage hearing on April 22, 2024, F.S.-E. entered a no contest plea to the ground of abandonment.  Before beginning its plea colloquy, the circuit court advised F.S.-E. that by pleading no contest at the grounds stage,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

2

he was "not agreeing that your parental rights should be terminated but keep your right to fight against the termination of parental rights" at the dispositional phase. F.S.-E. confirmed this by saying, "that's true." The court told F.S.-E. that, if at any point he did not understand something during the colloquy, he should let the court know and the court would try to explain it better. F.S.-E. once again confirmed he understood.

¶4 At the outset of the colloquy, the circuit court asked a number of questions including F.S.-E.'s age, level of education, and understanding of the English language. The court also inquired whether F.S.-E. had received a copy of the petition, reviewed it with his attorney, and had read it himself, all of which F.S.-E. confirmed. The court asked F.S.-E. if he had understood the petition, and F.S.-E. stated, "Yes, I feel I understand it." The court confirmed that F.S.-E. had not been diagnosed with a mental illness, was not taking any prescribed medications, and that he felt confident he understood what was happening at the hearing. The court further explained:

> You have the absolute right to have a trial and have a judge or a jury decide after a trial if the State has or has not proved a reason to involuntarily terminate your parental rights and that means prove the facts alleged in the petition that they are true or substantially true…. [Y]ou give up the right to fight against the termination of parental rights at the grounds phase only[.]

The court went on to inform F.S.-E. that, by pleading no contest, he would also be giving up his rights to: (1) testify or have other witnesses testify on his behalf; (2) have his lawyer cross-examine or question adverse witnesses; (3) have the State prove that the facts alleged in the petition are true or substantially true to the standard of clear and convincing evidence; and (4) have a jury trial to determine whether the State had proven the allegations in the petition.

3

¶5     The circuit court then paused to confirm that F.S.-E. intended to enter a no contest plea as to the ground of abandonment, and read that portion of the petition to F.S.-E.  The court stated: "By pleading no contest in the grounds phase, you are not agreeing that your parental rights should be terminated; however, you are keeping your right to fight against the termination only at the dispositional or the best interest phase of these proceedings."  When asked if he understood thus far or had any questions, F.S.-E. stated, "I understand you so far."

¶6     The circuit court then discussed the dispositional phase of the proceedings, explaining the possible outcomes and emphasizing that "[t]he one and only issue at that point of the dispositional hearing or the best interest hearing is what is in the best interest of the child, termination and adoption or dismissal of the petition and pursuit of some other alternative."  The court then asked F.S.-E. if anyone had promised him or threatened him in any way to convince him to plead no contest, to which F.S.-E. replied, "No, they have not."  F.S.-E. confirmed that he had discussed everything with his attorney, that his attorney had answered all of his questions, and that he was satisfied with her representation.  Finally, the court gave F.S.-E. a chance to ask any questions, but he indicated that he had none and confirmed that he wished to enter a no contest plea.  F.S.-E.'s attorney also confirmed that she believed F.S.-E.'s no contest plea was valid.  The court ultimately found that F.S.-E.'s no contest plea was informed and voluntary.

¶7     The dispositional hearing took place over four separate dates, and the circuit court ultimately found that it was in J.K.'s best interests that F.S.-E.'s parental rights to J.K. be terminated.

¶8     On February 13, 2025, F.S.-E. filed a postdisposition motion for relief.  F.S.-E. argued that the court failed to engage in a colloquy which

adequately addressed whether his no contest plea was knowingly, intelligently, and voluntarily entered pursuant to WIS. STAT. § 48.422(3) and (7). F.S.-E. further asserted that, when he entered his no contest plea, he was not otherwise aware of the valuable rights of which he was waiving by pleading no contest and thus, F.S.-E. insisted that his plea was not valid and requested an evidentiary hearing.

¶9 The circuit court held a hearing on the motion on March 4, 2025, and found that F.S.-E. had not made a proper prima facie showing that he was entitled to an evidentiary hearing. F.S.-E. now appeals.

## STANDARD OF REVIEW

¶10 Prior to accepting a no contest plea, the circuit court must engage in a personal colloquy with the parent pursuant to WIS. STAT. § 48.422(7). The court must also ensure the parent knows the constitutional rights they are waiving by pleading no contest. "[W]henever a parent wishes to plead no contest to grounds for involuntary termination, the parent must be provided with sufficient information to evaluate the stakes involved." *Brown Cnty. DHS v. Brenda B.*, 2011 WI 6, ¶41, 331 Wis. 2d 310, 795 N.W.2d 730. A plea must be made knowingly, voluntarily, and intelligently to satisfy due process; a plea not so entered may be withdrawn by the parent as a matter of right. *State v. B.W.*, 2024 WI 28, ¶47, 412 Wis. 2d 364, 8 N.W.2d 22.

¶11 "The court generally employs the plea withdrawal framework from criminal law cases to plea withdrawals in TPR cases." *Id.* In determining whether the plea was entered knowingly, intelligently, and voluntarily, the circuit court must first determine whether the parent has made a prima facie case for plea withdrawal. *Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶6, 314 Wis. 2d

493, 762 N.W.2d 122. Whether a parent has made a prima facie case is a question of law. *Brenda B.*, 331 Wis. 2d 310, ¶27. The parent must show that the no contest plea was accepted without conformance with the court's mandatory plea colloquy duties. *B.W.*, 412 Wis. 2d 364, ¶57. "Generally, with plea withdrawal motions alleging a defect in the plea colloquy, the violation should be apparent from the record," *id.*, ¶47 (citation omitted), and the parent should be able to point to deficiencies in the plea hearing transcript, as conclusory allegations are not sufficient, *id.*, ¶58. The parent must also allege that they did not know or understand the information which the court provided at the plea hearing. *Id.*, ¶57.

¶12 If the motion demonstrates a prima facie violation, the circuit court must hold an evidentiary hearing at which the State is given an opportunity to show, by clear and convincing evidence, that the plea was knowingly, intelligently, and voluntarily entered into, despite the alleged inadequacies. *Id.*, ¶58. When the court denies a parent's request for plea withdrawal without an evidentiary hearing, appellate courts review de novo whether the parent has made a prima facie showing. *Therese S.*, 314 Wis. 2d 493, ¶7.

## DISCUSSION

¶13 F.S.-E. asserts that his no contest plea was not made knowingly, voluntarily, and intelligently and that the circuit court erred in denying him an evidentiary hearing on his postdisposition motion for plea withdrawal. He argues that his motion sufficiently alleged that the plea colloquy was deficient and that he did not understand the information given to him. Because of this, F.S.-E. asserts that he is entitled to an evidentiary hearing on his request for plea withdrawal.

¶14 The person entering a no contest plea should be aware of the constitutional rights they are giving up. *Brenda B.*, 331 Wis. 2d 310, ¶41. If the

circuit court fails to fulfill its mandated duties in ensuring that the parent understands, the parent may move to withdraw their plea. ***B.W.***, 412 Wis. 2d 364, ¶57. WISCONSIN STAT. § 48.422(7) sets forth the requirements for the circuit court to accept a no contest plea, stating that the court shall:

> (a) Address the parties present and determine that the admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions.

> (b) Establish whether any promises or threats were made to elicit an admission and alert all unrepresented parties to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to them.

> (bm) Establish whether a proposed adoptive parent of the child has been identified….

> (br) Establish whether any person has coerced a birth parent or any alleged or presumed father of the child .…

> (c) Make such inquiries as satisfactorily establish that there is a factual basis for the admission.

¶15     While the colloquy must satisfy these requirements, there is no set script, and the form of the inquiry may be flexible. ***State v. Bangert***, 131 Wis. 2d 246, 266-67, 389 N.W.2d 12 (1986). Courts must determine on the record that parents understand the direct consequences of their pleas. ***Therese S.***, 314 Wis. 2d 493, ¶11. It is insufficient for a trial judge to merely "perfunctorily question the [parent] about [their] understanding[.]" ***Bangert***, 131 Wis. 2d at 268.

¶16     Here, F.S.-E. does not assert that the circuit court failed to meet any of the above requirements; instead, he takes issue with the fact that the court did not pause enough when explaining which rights F.S.-E. would be giving up by entering a plea of no contest. He argues that the court did not conduct a colloquy which "adequately confirmed that [he] understood each of the important rights he

7

waived by not contesting the petition." F.S.-E. further asserts that he did not understand the important trial rights he would be giving up by pleading no contest, although notably he does not point to any specific part of the colloquy which was unclear to him, nor does he specify which trial rights he was not aware he was giving up.

¶17 The colloquy transcript reveals that the circuit court explained to F.S.-E. that, by pleading no contest, he would be giving up his rights to: (1) have a trial in front of the judge or a jury at that stage of the proceeding; (2) challenge the allegations in the petition; (3) testify or call other witnesses to testify as to the grounds alleged in the petition; (4) have his attorney question or cross-examine adverse witnesses as to the allegations in the petition; and (5) have the State prove, by clear and convincing evidence, the allegations made in the petition as to the grounds for termination.[2]

¶18 The circuit court also took the time to read to F.S.-E. the allegations in the petition related to the abandonment grounds. It explained that, by pleading no contest in the grounds phase of the proceedings, F.S.-E. was *not* giving up his right to fight against termination at the dispositional phase of the proceedings. The court stated that, if it accepted F.S.-E.'s plea, it would need to make a finding of parental unfitness. F.S.-E. stated that he understood.

¶19 The circuit court then explained how the dispositional phase of the proceedings would continue, telling F.S.-E. that he would retain all of the rights he

---

[2] Though the circuit court's colloquy does, admittedly, have extended periods in which the judge speaks to F.S.-E. without pausing to confirm F.S.-E.'s understanding, it would simply appear that this was likely the judge's attempt to explain to F.S.-E. in a way that was both thorough and easy to understand.

would have had at the grounds phase, except for the right to a jury trial. The court explained the burden of proof required by either party at that stage of the proceedings and the possible outcomes of the hearing.

¶20    The circuit court then asked F.S.-E. whether anyone had made any promises or threats in exchange for his no contest plea, to which F.S.-E. replied, "No, they have not." F.S.-E. confirmed that he had spoken with his attorney, that she had answered all of his questions, and that he was satisfied with her representation. The court also gave F.S.-E. the opportunity to ask any questions, but F.S.-E. stated that he did not have any.

¶21    Notably, F.S.-E.'s argument does not point to any substantive deficiency in the plea colloquy, only asserting that, because the judge did not pause often enough to confirm his understanding, the court had not ensured that F.S.-E. "understood what the court was saying" or that he had "intelligently waived all of those important rights."

¶22    However, F.S.-E.'s argument falls short—his only real contention is that the circuit court should have paused after explaining *each* right that F.S.-E. would be giving up. Yet F.S.-E. fails to point to any case law or statute that says the court must do so. While it is true that the colloquy must not be perfunctory, the court here gave ample explanation to F.S.-E. of the different trial rights he would be giving up by pleading no contest. The court also gave F.S.-E. multiple opportunities to ask questions or seek clarification. The fact that F.S.-E. chose not to do so can hardly be found to be a deficiency on the part of the circuit court. It is also notable that F.S.-E. does not identify any specific trial rights which he purportedly waived unknowingly.

¶23    Because of this, the circuit court did not err in denying F.S.-E.'s motion for plea withdrawal without holding an evidentiary hearing.  F.S.-E. has not made a prima facie showing that his plea was not made knowingly, voluntarily, and intelligently.  Without such a prima facie showing, the circuit court had no obligation to hold an evidentiary hearing on the matter.

## CONCLUSION

¶24    Based on the foregoing reasons, this court concludes that F.S.-E. has not made a sufficient prima facie showing to entitle him to an evidentiary hearing on his motion to withdraw his no contest plea.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.