| | |
|---|---|
| **COURT OF APPEALS<br>DECISION<br>DATED AND FILED**<br><br>**January 26, 2021**<br><br>Sheila T. Reiff<br>Clerk of Court of Appeals | **NOTICE**<br><br>This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.<br><br>A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62. |

**Appeal Nos.   2020AP798<br>2020AP799<br>STATE OF WISCONSIN**

Cir. Ct. Nos.  2018TP258<br>2018TP259

**IN COURT OF APPEALS<br>DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO D.R., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

   V.

V.R.,

       RESPONDENT-APPELLANT.

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.C., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

   V.

V.R.,

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Affirmed*.

¶1    BRASH, P.J.[1]  V.R. appeals from orders terminating her parental rights to D.R. and A.C.  V.R. seeks to withdraw her pleas of no contest for failing to assume parental responsibility on the ground that the plea colloquy was defective.  She filed a motion for postdispositional relief on that issue and a hearing was held, but V.R. failed to appear.  The circuit court[2] therefore found that V.R. had failed to establish a prima facie case for plea withdrawal, and denied her motion based on her failure to prosecute it.  We affirm.

## BACKGROUND

¶2    V.R. is the biological mother of D.R., born September 28, 2016, and A.C., born July 23, 2017.  D.R. was detained by the Division of Milwaukee Child Protective Services (DMCPS) in July 2017 after being found at home with two older siblings, ages four and two, with no adults present.[3]  Milwaukee Police Officers were at the home for fifty minutes before the father of the children, D.J., came home.  D.J. stated he had taken V.R. for a prenatal doctor's appointment that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] The postdisposition hearing was before the Honorable Marshall B. Murray, and we refer to him as the circuit court.  V.R.'s plea was taken by the Honorable Tom Wolfgram, a reserve judge; the disposition hearing was before the Honorable Gwen Connolly.  We refer to them both as the trial court.

[3] V.R.'s older children are not part of these cases.

morning, and then stopped for groceries. He was arrested for child neglect. Additionally, there was a history of domestic violence between V.R. and D.J. dating back to at least 2012.

¶3     A.C. was born shortly after that incident. He was born prematurely and with marijuana in his system. V.R. tested positive for marijuana as well. A.C. was in the neonatal intensive care unit and was not able to be discharged along with V.R. on July 25, 2017. The hospital reported that V.R. did not return to visit A.C. after she was discharged. A.C. was then also detained by DMCPS upon being discharged from the hospital on August 12, 2017.

¶4     Petitions for protection or services for the children were subsequently filed. Conditions for the return of the children to V.R.'s care included the elimination of domestic violence in the home and gaining control of her drug and alcohol addictions, as well as regular visits with the children. However, V.R. failed to meet these conditions. Although she claimed that she was no longer in a relationship with D.J., a case of battery and disorderly conduct was filed against D.J. in July 2018, with V.R. listed as the victim. Additionally, V.R. had two open cases in Milwaukee County in which she was the respondent in a restraining order. Furthermore, V.R. had lost her home, missed visits with the children, and exhibited behavior that her case worker believed could be related to drug or alcohol abuse.

¶5     As a result, petitions for the Termination of Parental Rights (TPR) of V.R. with regard to D.R. and A.C. were filed in November 2018. In the petitions, the State's alleged grounds for termination included the continuing need of protection or services for D.R. and A.C., pursuant to WIS. STAT. § 48.415(2), and V.R.'s failure to assume parental responsibility, pursuant to § 48.415(6).

3

¶6     V.R. agreed to plead no contest to the failure to assume parental responsibility ground in both cases, and the State agreed to dismiss the ground relating to the continuing need of protection or services for D.R. and A.C.  At a hearing in October 2019, the trial court conducted a colloquy with V.R. in which it discussed whether V.R. understood the rights she was giving up by entering her pleas and that she was stipulating to the ground relating to her failure to assume parental responsibility.  V.R. indicated that she had discussed this decision with her counsel, and that she understood its impact on this case.

¶7     The disposition hearing was held in January 2020.  The trial court ultimately found that it was in the best interests of the children to terminate the rights of both V.R. and D.J.[4]

¶8     A no-merit appeal was subsequently filed in April 2020.  However, this court determined that there was an issue of arguable merit regarding the plea colloquy that preceded V.R.'s no contest pleas.  Specifically, we stated that the record demonstrated that neither the trial court nor V.R.'s trial counsel had discussed the meaning of "substantial parental relationship"; in order to establish failure to assume parental responsibility, it must be proven that the parent did not have a substantial parental relationship with the child or children.  *See* Wis JI—Children 346.

¶9     Appellate counsel for V.R. filed a supplemental no-merit report addressing this issue.  However, counsel subsequently informed this court that

---

[4] D.J. is not a party in this appeal.

4

V.R. wished to file a motion to withdraw her no contest pleas. We therefore remanded the matters for postdisposition proceedings.

¶10    V.R. filed a motion seeking to withdraw her no contest pleas, as well as an affidavit stating that this court had "determined" that the plea colloquy was deficient. V.R. averred that she in fact did not understand the nature of the acts alleged.

¶11    A postdisposition hearing was held in September 2020. V.R. failed to appear. Thus, not only was there was no testimony from her regarding her allegations, but her trial counsel—who was also scheduled as a witness—was unable to testify as to her discussions with V.R. because V.R. was not there to waive attorney-client privilege.

¶12    The circuit court, noting that the "conclusory statements" in V.R.'s affidavit "are not evidence," found that V.R. had not established a prima facie case for plea withdrawal. Therefore, the circuit court denied her motion based on her failure to prosecute it. This appeal follows.

### DISCUSSION

¶13    As in her motion for postdispositional relief, on appeal V.R. argues that her no contest pleas were not knowingly, voluntarily, and intelligently entered because the trial court's plea colloquy was deficient. Before accepting a parent's no contest plea in the grounds stage of a TPR proceeding, the trial court must engage the parent in a personal colloquy to determine, among other things, that "the admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions." WIS. STAT. § 48.422(7)(a);

5

*Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶5, 314 Wis. 2d 493, 762 N.W.2d 122.

¶14     V.R.'s pleas were to the ground that she had failed to assume parental responsibility.  Proving this ground requires establishing the lack of a substantial parental relationship.  WIS JI—CHILDREN 346.  V.R. asserts that because the trial court failed to specifically discuss the meaning of "substantial parental relationship" with her during the colloquy, she did not understand the nature of the acts alleged in the TPR petitions, and therefore her pleas were not knowingly, voluntarily, and intelligently entered.

¶15     "When a parent alleges a plea was not knowingly and intelligently made, the *Bangert*[5] analysis applies." *Therese S.*, 314 Wis. 2d 493, ¶6.  First, "the parent must make a prima facie showing that the [trial] court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing." *Id.*  Whether a parent "has presented a prima facie case by pointing to deficiencies in the plea colloquy and sufficiently alleging [he or] she did not know or understand information that should have been provided in the colloquy is a question of law we review independently." *Id.*, ¶7.

¶16     We agree with the circuit court that V.R. did not make a prima facie showing that the trial court violated its mandatory duties during the plea colloquy.  V.R. did not appear at the postdisposition hearing.  Thus, there was no testimony

---

[5] *See State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

provided by her or by her trial counsel to support her argument that she did not understand the nature of the allegations in the TPR petitions.

¶17     As a result, the only support for V.R.'s motion was the affidavit that she submitted with her postdisposition motion.  In that affidavit, V.R. stated that this court had "determined" that the plea colloquy was deficient.  That is inaccurate.  Rather, we identified that "an issue with arguable merit is present" with regard to whether the plea colloquy was sufficient in terms of ensuring that V.R. understood the nature of the acts alleged in the TPR petitions.  We therefore directed appellate counsel to investigate this issue and consult with V.R., and then choose a course of action:  (1) file a supplemental no-merit report as to why this potential defect in the plea colloquy lacked arguable merit; (2) file a postdisposition motion on behalf of V.R. seeking to withdraw her pleas; or (3) obtain an affidavit from V.R. stating that she wishes to waive this issue. Obviously, V.R. opted to file a postdisposition motion, along with her affidavit.

¶18     In that affidavit, V.R. averred that she did not understand the nature of the allegations relating to the failure to assume parental responsibility. However, this statement lacks specificity, and we agree with the trial court that it is conclusory and thus not sufficient to make a prima facie case for plea withdrawal.    Additional evidence—which could have been elicited at the postdisposition hearing, had V.R. appeared—is required.

¶19     V.R. also averred that the trial court failed to determine whether she understood the allegations in the TPR petitions.  The record does not support that assertion.  During the plea colloquy, in response to questions by the trial court, V.R. stated that she had read the TPR petitions, which contained both the element of failure to assume parental responsibility under WIS. STAT. § 48.415(6), as well

as the facts that supported those allegations. Moreover, V.R. stated that she had discussed the decision to plead no contest with her trial counsel, and counsel confirmed that she had reviewed with V.R. the element of failure to assume parental responsibility, the facts that supported the State's case for that ground, and the consequences of pleading no contest. In other words, although the trial court did not specifically discuss the meaning of "substantial parental relationship" with V.R. during the plea colloquy, the record indicates that the trial court sought to determine that V.R. had an "understanding of the nature of the acts alleged in the petition and the potential dispositions." *See* WIS. STAT. § 48.422(7)(a).

¶20 Therefore, V.R. did not make a prima facie case that the plea colloquy was deficient. Accordingly, we affirm the orders terminating V.R.'s parental rights to D.V. and A.C.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.