COURT OF APPEALS
DECISION
DATED AND FILED

February 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1476**

STATE OF WISCONSIN

Cir. Ct. No. 2020TP34

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.G., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

     PETITIONER-RESPONDENT,

  V.

A.G.,

     RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Reversed and cause remanded with directions*.

¶1 DONALD, P.J.[1] A.G. appeals an order of the trial court terminating his parental rights to Anna[2] as well as an order denying his post-disposition motion to withdraw his no contest plea. A.G. seeks to withdraw his plea on the grounds that it was not knowing, intelligent, and voluntary. On appeal, A.G. contends that the trial court erred in denying his post-disposition motion without holding an evidentiary hearing. For the reasons set forth below, we agree and therefore reverse the order denying the post-disposition motion and remand for an evidentiary hearing.

## BACKGROUND

¶2 On February 13, 2020, the State filed a petition to terminate A.G.'s parental rights to Anna.[3] The petition alleged that Anna was a child in continuing need of protection or services (continuing CHIPS) and that A.G. had failed to assume parental responsibility.

¶3 A hearing on the petition was held on June 1, 2020.[4] The circuit court explained A.G.'s rights in connection with a termination of parental rights proceeding and how the proceedings worked. A.G. requested a jury trial.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] A.G. and his daughter share the same initials. We use the pseudonym "Anna" to refer to A.G.'s daughter for ease of reading.

[3] The State also petitioned to terminate Anna's biological mother's rights. This decision focuses on the facts and the proceedings as they relate to A.G.

[4] The Honorable Mark A. Sanders presided over the hearing on the petition. The Honorable Ellen R. Brostrom presided over the plea hearing, the dispositional hearing, and the post-disposition proceedings. We refer to Judge Sanders as the circuit court and Judge Brostrom as the trial court.

¶4    Ten months later, on April 13, 2021, A.G. pled no contest to the ground of continuing CHIPS and the failure to assume parental responsibility ground was dismissed.[5]  In support of A.G.'s plea, testimony was taken from the case manager, K.K.  The trial court found that A.G. was unfit, and the matter proceeded to disposition.  After testimony and argument, the court found that it was in Anna's best interests to terminate A.G.'s parental rights.

¶5    A.G. filed a post-disposition motion seeking to withdraw his no contest plea on the basis that his plea was not knowing, intelligent, and voluntary.  A.G. alleged that the trial court failed to establish during the plea colloquy that he understood the potential dispositions that may occur after the entry of a no contest plea.  A.G. also alleged that the court improperly explained the statutory standard that would apply at disposition.

¶6    After additional briefing, a hearing took place on November 12, 2021.  At the hearing, the trial court denied A.G.'s motion without taking evidence.  The court found that A.G. failed to make a prima facie case that his plea was not knowing, voluntary, and intelligent.  This appeal follows.  Additional relevant facts will be discussed below.

**DISCUSSION**

¶7    On appeal, A.G. renews his arguments that during the plea colloquy: (1) the trial court failed to establish that A.G. understood the potential dispositions

---

[5] At a previous hearing, on October 15, 2020, A.G.'s counsel indicated that A.G. wished to plead no contest to the grounds phase.  After appearing for the hearing via Zoom for a short period of time, A.G. left the hearing due to an internet issue.  The trial court found him in default.  Subsequently, on April 13, 2021, the default judgment was vacated.

that may occur after the entry of a no contest plea; and (2) the trial court failed to properly explain the statutory standard it would apply at disposition. A.G. contends that the court erred in denying his post-disposition motion without an evidentiary hearing. As discussed below, we conclude that A.G. is entitled to an evidentiary hearing on both of his claims.

¶8     A plea in a termination of parental rights case must be entered knowingly, voluntarily, and intelligently. *Kenosha Cnty. DHS v. Jodie W.*, 2006 WI 93, ¶24, 293 Wis. 2d 530, 716 N.W.2d 845. Prior to accepting a plea of no contest to a termination petition, the trial court is required to engage in a personal colloquy with the parent. *See* WIS. STAT. § 48.422(7); *Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶5, 314 Wis. 2d 493, 762 N.W.2d 122.

¶9     When a parent alleges that a plea was not knowingly, intelligently and voluntarily entered, we use the analysis set forth in *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). *See Therese S.*, 314 Wis. 2d 493, ¶6. Under *Bangert*, a post-disposition motion "must make a prima facie showing that the [trial] court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing." *Therese S.*, 314 Wis. 2d 493, ¶6; *State v. Brown*, 2006 WI 100, ¶39, 293 Wis. 2d 594, 716 N.W.2d 906.

¶10     If a motion establishes a prima facie violation of a court mandated duty and makes the requisite allegations, "the court must hold a postconviction evidentiary hearing[.]" *Brown*, 293 Wis. 2d 594, ¶40. At the evidentiary hearing, the burden shifts to the State "to show by clear and convincing evidence that the … plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea." *Id.* To meet its burden, the State "may rely 'on the totality of the

evidence, much of which will be found outside the plea hearing record.'" ***Id.*** (citation omitted). This includes testimony and transcripts from prior hearings. ***Id.***

¶11    Whether a parent has presented a prima facie case by pointing to deficiencies in the plea colloquy and has sufficiently alleged that he or she did not know or understand information that should have been provided is a question of law that we review *de novo*. ***Therese S.***, 314 Wis. 2d 493, ¶7.

¶12    To start, as set forth in A.G.'s post-disposition motion, A.G. was not advised of the potential dispositions at the plea hearing. *See* WIS. STAT. § 48.422(7)(a) (stating that a trial court shall "[a]ddress the parties present and determine that [an] admission is made voluntarily with understanding of … the potential dispositions"). In addition, A.G. alleged that he did not understand the potential dispositions. Thus, because A.G. established a prima facie case that there was a violation of a mandatory court duty, and sufficiently alleged that he did not know information that should have been provided at a plea hearing, we conclude that A.G. is entitled to an evidentiary hearing on his first claim. *See* ***Brown***, 293 Wis. 2d 594, ¶40.

¶13    The State and the Guardian ad Litem (GAL) argue that A.G. is not entitled to an evidentiary hearing for reasons outside of the plea hearing, including that A.G. was informed of the potential dispositions at the hearing on the petition, which took place ten months before the plea colloquy.

¶14    We disagree. As our supreme court stated in the context of a criminal case, the "right to an evidentiary hearing under ***Bangert*** cannot be circumvented by either the court or the State asserting that based on the record as a whole the defendant, despite the defective plea colloquy, entered a constitutionally

sound plea." ***State v. Howell***, 2007 WI 75, ¶7, 301 Wis. 2d 350, 734 N.W.2d 48. Thus, "[i]n keeping with ***Bangert***, we examine the record at the plea hearing[.]" ***Howell***, 301 Wis. 2d 350, ¶7. And, here, as stated above, A.G. met the requirements under ***Bangert*** to obtain an evidentiary hearing.

¶15 On remand, at the evidentiary hearing, the State and the GAL will have an opportunity to present evidence outside the plea hearing that A.G. understood the potential dispositions. *See **Brown***, 293 Wis. 2d 594, ¶40 (stating that "[i]n meeting its burden, the [S]tate may rely 'on the totality of the evidence, much of which will be found outside the plea hearing record.'" (citation omitted)).[6]

¶16 Likewise, we also conclude that A.G. was entitled to an evidentiary hearing on his second claim. At a plea hearing, a parent must be informed of the statutory standard that applies at disposition. *See **Therese S.***, 314 Wis. 2d 493, ¶16.

¶17 In this case, as set forth in A.G.'s post-disposition motion, during the plea colloquy, the trial court informed A.G. that in the grounds phase, he had a "whole bunch" of rights, including "the right to force the State to prove the grounds by clear, convincing, and satisfactory evidence to a reasonable certainty." Subsequently, in regards to the dispositional hearing, the court stated that the "second half of the case is where the court decides is it in the child's best interest

---

[6] In support of its argument, the GAL cites ***Waukesha Cnty. v. Steven H.***, 2000 WI 28, 233 Wis. 2d 344, 607 N.W.2d 607. ***Steven H.***, however, is distinguishable. There, the parent failed to assert, as required by ***Bangert***, that he did not know or understand information that should have been provided. ***Steven H.***, 233 Wis. 2d 344, ¶43. Further, we note that in ***Steven H.***, an ineffective assistance of counsel evidentiary hearing was held which "addressed similar issues." ***Id.***, ¶¶14, 43, 50.

to in fact terminate your parental rights." The court then stated that A.G. would "have all those same trial rights today for that second half." However, contrary to the court's statement, at the dispositional hearing, the "same trial rights" do not apply. There is not a burden of proof placed on the State. *See* WIS. STAT. § 48.426(2).

¶18 The State and the GAL suggest that a misunderstanding about the burden of proof is "irrelevant" because the trial court stated it would decide whether it is "in the child's best interest" to terminate A.G.'s parental rights. In support, the State and the GAL point to *State v. T.A.D.S.*, No. 2018AP2173, unpublished slip op. (WI App June 18, 2019).[7] *T.A.D.S.*, however, is distinguishable.

¶19 In *T.A.D.S.*, the trial court advised the parent that "at the disposition phase the [c]ourt would have to make a finding that the driving factor, the most important factor at the disposition phase, would be what's in [the child's] best interest." *Id.*, ¶4. The court also told the parent that "at the disposition phase the State would still have that burden of proof of showing what's in [the child's] best interest[.]" *Id.* We concluded that the trial court's comment about the burden of proof was irrelevant because "the court thoroughly explained T.A.D.S.'s rights at the disposition hearing, explained the potential outcomes and unequivocally stated that its primary consideration at disposition was [the child's] best interest." *Id.*, ¶13.

---

[7] An unpublished opinion issued on or after July 1, 2009, that is authored by a single judge may be cited for its persuasive value. WIS. STAT. RULE 809.23(3)(b).

7

¶20 Here, unlike in *T.A.D.S.*, the trial court did not advise A.G. that the "driving factor" or "the most important factor" at the dispositional phase would be the child's best interest. In addition, as discussed above, the court did not explain the potential outcomes. Thus, in the context of this particular case, we conclude that the plea colloquy defect was not irrelevant.[8]

¶21 Thus, because A.G.'s post-disposition motion established a prima facie case that the trial court failed to properly explain the statutory standard that would apply at the dispositional hearing and sufficiently alleged that he did not know information that should have been provided, we conclude that he is also entitled to an evidentiary hearing on his second claim. *See **Brown***, 293 Wis. 2d 594, ¶40.

¶22 Therefore, for the reasons stated above, we reverse the order denying A.G.'s post-disposition motion, and remand this matter for an evidentiary hearing. We note, however, that we are not determining whether the trial court should ultimately grant or deny A.G.'s motion to withdraw his plea. As stated above, at the evidentiary hearing, the State will have an opportunity to present evidence relating to A.G.'s knowledge and understanding of the potential dispositions and the statutory standard that applies at disposition.

*By the Court.*—Order reversed and cause remanded with directions.

---

[8] We note that the GAL also argues that any error regarding the statutory standard at disposition was "harmless error." The GAL, however, does not provide any legal support for its harmless error analysis, and therefore, we do not consider it further. ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.