In re the Termination of Parental Rights to
Yasmine B., a person under the age of 18:

Oneida County Department of Social Services,
Petitioner-Respondent,

v.

Therese S., Respondent-Appellant,

Paris M. P., a/k/a Paris M. B., Respondent.

Court of Appeals

*No. 2008AP1126. Submitted on briefs August 27, 2008.
—Decided September 26, 2008.*

2008 WI App 159

(Also reported in 762 N.W.2d 122.)

494

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Eileen A. Hirsch*, assistant state public defender, of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Brian J. Desmond*, corporation counsel, of Rhinelander.

On behalf of *Yasmine B.*, a brief was filed by *Jennifer A. Stuber* of *Hogan and Melms, LLP*, Rhinelander

Before Hoover, P.J., Peterson and Brunner, JJ.[1]

¶ 1. PETERSON, J. Therese S. appeals orders terminating her parental rights to her daughter, Yasmine B., and denying her postdisposition motion. She contends her motion presented a prima facie case she did not knowingly and intelligently enter her no contest plea to the grounds portion of the petition. We agree, reverse the orders, and remand for the circuit court to determine whether the County can prove the plea was nonetheless entered knowingly and intelligently.

## BACKGROUND

¶ 2. Oneida County filed a petition to terminate Therese's parental rights alleging she failed to assume parental responsibility and that Yasmine was in continuing need of protection or services. Therese contested the petition and a fact-finding hearing was scheduled. On the hearing date, the court was informed Therese would plead no contest to the continuing need ground and the County would dismiss the other ground.

¶ 3. The court then engaged Therese in a colloquy prior to accepting her plea. In response to the court's questioning, Therese told the court she had reading problems and did not graduate from high school. Additionally, counsel informed the court Therese received social security benefits for a mental disability. The court ultimately concluded the plea was knowingly and intelligently made. After a contested dispositional hearing, the court terminated Therese's parental rights to Yasmine.

¶ 4. Therese's postdisposition motion argued the plea colloquy was deficient because the court failed to

---

[1] This appeal was decided by a three-judge panel pursuant to Chief Judge Brown's September 26, 2008 order.

inform her: (1) she would be found unfit to parent as a result of the plea, (2) of the potential dispositions or that the dispositional decision would be governed by the child's best interests, and (3) she was waiving her constitutionally protected right to parent her child. Further, the motion alleged Therese did not understand these consequences of her plea and thought the result was simply that the judge, rather than a jury, would decide her case. The court denied Therese's motion without receiving any evidence.[2]

## DISCUSSION

■■

¶ 5. Prior to accepting a plea of no contest to a termination petition, the circuit court is required to engage the parent in a personal colloquy in accordance with Wis. Stat. § 48.422(7).[3] *Kenosha County v. Jodie W.*, 2006 WI 93, ¶¶ 24–25, 293 Wis. 2d 530, 716 N.W.2d 845. That statute provides in relevant part:

> (7) Before accepting an admission of the alleged facts in a petition, the court shall:

---

[2] After the court's initial determination, Therese's counsel suggested the proper ruling would be that a prima facie case had not been made, and Therese should then be permitted to affirmatively prove the plea was not knowingly and intelligently made. The court allowed Therese to introduce evidence after which the court reaffirmed its ruling on the motion. We do not endorse Therese's position. It is unnecessary to hold an evidentiary hearing when a parent fails to first present a prima facie case. *See State v. Brown*, 2006 WI 100, ¶ 40, 293 Wis. 2d 594, 716 N.W.2d 906.

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

(a) Address the parties present and determine that the admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions.

(b) Establish whether any promises or threats were made to elicit an admission . . . .

. . . .

(c) Make such inquiries as satisfactorily establish that there is a factual basis for the admission.

WIS. STAT. § 48.422(7). Additionally, the parent must have knowledge of the constitutional rights given up by the plea. *Jodie W.*, 293 Wis. 2d 530, ¶ 25 (citing *State v. Bangert*, 131 Wis. 2d 246, 265–66, 389 N.W.2d 12 (1986)).

¶ 6. When a parent alleges a plea was not knowingly and intelligently made, the *Bangert* analysis applies. *Waukesha County v. Steven H.*, 2000 WI 28, ¶ 42, 233 Wis. 2d 344, 607 N.W.2d 607. Under that analysis, the parent must make a prima facie showing that the circuit court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing. *Id.* If a prima facie showing is made, the burden then shifts to the county to demonstrate by clear and convincing evidence that the parent knowingly and intelligently waived the right to contest the allegations in the petition. *Id.*

¶ 7. Whether Therese has presented a prima facie case by pointing to deficiencies in the plea colloquy and sufficiently alleging she did not know or understand information that should have been provided in the colloquy is a question of law we review independently. *See State v. Brown*, 2006 WI 100, ¶ 21, 293 Wis. 2d 594,

716 N.W.2d 906; *State v. Kywanda F.*, 200 Wis. 2d 26, 38–39, 546 N.W.2d 440 (1996).

¶ 8. Regarding the first alleged deficiency, it is undisputed that the circuit court never established on the record whether Therese understood she would be found unfit to parent as a result of her plea. Therese contends the circuit court was required to inform her of this direct consequence because Wis. Stat. § 48.424(4) required the court to find Therese unfit.

¶ 9. The County responds that, because of the Wis. Stat. § 48.422(7)(c) factual basis requirement, a parental unfitness finding is not automatic and, therefore, not a direct result of the plea. The County is mistaken. Section 48.422(7) requires courts to establish a factual basis "[b]efore accepting an admission . . . ." Thus, once the court accepts a no contest plea at the grounds stage, the parent must be found unfit. *See Sheboygan County v. Julie A.B*, 2002 WI 95, ¶ 26, 255 Wis. 2d 170, 648 N.W.2d 402.

¶ 10. We conclude that in order for no contest pleas at the grounds stage to be entered knowingly and intelligently, parents must understand that acceptance of their plea will result in a finding of parental unfitness. In the criminal context, *Bangert* requires courts to notify defendants of the direct consequences of their plea. *Brown*, 293 Wis. 2d 594, ¶ 35. In *Brown*, the court observed, "If a defendant does not understand . . . the implications of the plea, he [or she] should not be entering the plea, and the court should not be accepting the plea." *Id.*, ¶ 37.

¶ 11. The criminal direct consequence requirement is codified in Wis. Stat. § 971.08(1). *State v. Bollig*, 2000 WI 6, ¶ 16, 232 Wis. 2d 561, 605 N.W.2d 199. That section is the nearly identical counterpart to Wis. Stat.

§ 48.422(7).[4] Thus, as in the criminal context, courts must determine on the record that parents understand the direct consequences of their pleas.[5] A finding of parental unfitness is a direct, immediate, and fundamental consequence of entering a no contest plea.[6] That finding concludes the first step of the termination process, where the burden is on the government and the parent's rights are paramount. *Julie A.B.*, 255 Wis. 2d 170, ¶ 24.

---

[4] WISCONSIN STAT. § 971.08(1) states:

Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

. . . .

WISCONSIN STAT. § 48.422(7) states:

Before accepting an admission of the alleged facts in a petition, the court shall:

(a) Address the parties present and determine that the admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions.

. . . .

(c) Make such inquiries as satisfactorily establish that there is a factual basis for the admission.

[5] This holding is also consistent with *Kywanda F.*, where the supreme court recognized *Bangert* requires courts to advise juveniles of the potential consequences of their pleas in delinquency proceedings. *See State v. Kywanda F.*, 200 Wis. 2d 26, 43, 546 N.W.2d 440 (1996); *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

[6] The situation presented here may also be likened to the criminal context in that circuit courts routinely admonish defendants they will be found guilty as a result of their no contest plea.

500

¶ 12. Because the circuit court's colloquy failed to demonstrate that Therese understood her plea would result in a finding of parental unfitness and because her motion alleged she did not understand that result, she presented a prima facie case that her plea was not entered knowingly and intelligently. The burden therefore shifts to the County to prove otherwise.

¶ 13. We next address Therese's argument that the circuit court failed to inform her of the potential dispositions and that the dispositional decision would be governed by the child's best interests. The County argues the court's failure to address the potential dispositions was harmless error and contends Therese was in fact informed of the shift in focus to the best interests of the child.

¶ 14. The circuit court did not fulfill the WIS. STAT. § 48.422(7)(a) requirement that it discuss the potential dispositions Therese faced. However, it did address dispositions in a general sense. In its attempt to convey to Therese the consequences of her plea, the court explained "that you're admitting the grounds for termination but still leaving open the question as to what's gonna happen, the disposition." The court then inquired whether Therese understood that, and she replied, "Yes." Nonetheless, when the court then asked whether she knew what disposition meant, she replied she did not. The court then explained:

> All right. It's like—it's like a sentence, okay, in a criminal case. It's the decision in a civil case. It means the end of the case, the decision about what's gonna happen.
>
> So you're admitting the grounds for the petition, the reasons for the County coming forward, but it hasn't

501

been decided yet what we're going to do. Your termination is not actually entered today. We have more work to do to decide what to do.

¶ 15. This statement did not inform Therese of the potential dispositions set forth in the statutes. WISCONSIN STAT. § 48.427, entitled "Dispositions," states at subsec. (1) that after receiving evidence related to the disposition, the court shall enter one of the dispositions specified in the statute. Of relevance here, the court may either dismiss the petition under subsec. (2) or it may terminate parental rights under subsec. (3).[7]

█

¶ 16. Thus, at the very least, a court must inform the parent that at the second step of the process, the court will hear evidence related to the disposition and then will either terminate the parent's rights or dismiss the petition if the evidence does not warrant termination. Additionally, we conclude that in order for the court's explanation of potential dispositions to be meaningful to the parent, the parent must be informed of the statutory standard the court will apply at the second stage. That is, the court must inform the parent that "[t]he best interests of the child shall be the prevailing factor considered by the court in determining the disposition . . . ." WIS. STAT. § 48.426(2).

¶ 17. We decline, however, to adopt the expansive approach proffered by Therese, requiring courts to inform parents in detail of all potential outcomes, including all alternatives to termination. Such a re-

---

[7] While WIS. STAT. § 48.427 lists several additional dispositions under subsecs. (3m)-(4), those options only apply if the court first terminates parental rights under subsec. (3). Here, the circuit court failed to apprise Therese of the two primary dispositions, let alone the additional options.

502

quirement would be unduly burdensome. Further, the case Therese relies on involved a parent who petitioned the court to voluntarily consent to a termination of parental rights. *T.M.F. v. Children's Serv. Soc'y*, 112 Wis. 2d 180, 332 N.W.2d 293 (1983). That case was pre-*Bangert*, applied the voluntary consent standard specified in WIS. STAT. § 48.41, and involved different policy considerations. There, our supreme court observed that a circuit court "must ensure that the parent has adequately considered the decision to terminate parental rights to the child, surely one of the most difficult decisions a person can ever make." *Id.* at 186. Thus, in voluntary termination cases, courts must satisfy a heightened burden and ensure parents have "full knowledge" of the alternatives to termination, such as temporary placement of the child and the availability of public benefits and parenting classes. *Id.* at 191–92.

¶ 18. We also reject the County's harmless error argument and its contention Therese was informed of the shift to the best interests standard. The harmless error analysis is essentially built into the *Bangert* analysis. It applies at the prima facie case stage if the parent does not allege a failure to understand the information that should have been, but was not, provided. *See Steven H.*, 233 Wis. 2d 344, ¶ 43. We have already concluded Therese presented a prima facie case.

¶ 19. Additionally, harmless error might be found at the second stage of the *Bangert* analysis if the court finds the parent understood the information despite the inadequate colloquy. *Burnett County Dept. of Soc. Servs. v. Kimberly M.W.*, 181 Wis. 2d 887, 891–92, 512 N.W.2d 227 (Ct. App. 1994), *overruled on other grounds, Steven V. v. Kelley H.*, 2004 WI 47, 271 Wis. 2d 1, 678 N.W.2d 856. But, this is simply another way of saying the County met its burden to prove the plea was knowingly

and intelligently entered. *See State v. Rodriguez*, 221 Wis. 2d 487, 585 N.W.2d 701 (Ct. App. 1998). Regardless, we are not at the second stage because the circuit court erroneously concluded a prima facie case had not been made.[8]

¶ 20. The County also asserted Therese was adequately informed of the best interests standard based on its statement at the outset of the grounds hearing, requesting the court to set a date for a "dispositional hearing with regards to whether or not it would actually be in the best interest for the court to terminate the parental rights of the parents in this matter." This statement was not directed to Therese nor did it sufficiently convey the standard to be applied at the dispositional stage.[9] Therefore, it is inadequate to meet the requirement that the court engage in a personal colloquy with Therese to ascertain her understanding. The proper time for the County to argue Therese's actual understanding is at the second stage of the *Bangert* analysis.

¶ 21. Finally, we address Therese's claim she was not properly informed she was waiving constitutional protections of her right to parent her child. Therese's position on this matter was inconsistent from her postdisposition motion, to her initial appellate brief, to her reply brief. Ultimately, her focus settled on the parental unfitness finding and the best interests of the

---

[8] Although the circuit court heard evidence, it did not apply the proper legal standard when it failed to shift the burden of proof to the County. On remand, while the court may consider the evidence already presented, the County may desire to present additional evidence.

[9] Additionally, the statement was made prior to the court's explanation of the term "disposition" to Therese.

child standard. As we have already disposed of those issues, we need not address this argument further.

¶ 22. On remand, the burden will be on the County to prove that at the time Therese entered her no contest plea, she understood: (1) she would be found unfit to parent as a result of the plea, (2) the potential dispositions specified under Wis. Stat. § 48.427, and (3) that the dispositional decision would be governed by the child's best interests.

*By the Court.*—Orders reversed and cause remanded with directions.