COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1291**

Cir. Ct. No. **2016TP175**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M. I. G., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

T. L. G.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

¶1    KESSLER, J.[1]  T.L.G. appeals an order of the circuit court terminating her parental rights to her son, M.I.G.  T.L.G. argues that her no contest plea was not knowing, voluntary, or intelligent because her cognitive limitations prevented her from understanding the consequences of her plea.  She also argues that her counsel did not accurately advise her about the applicable law.  We affirm.

## BACKGROUND

**Procedural History**

¶2    On May 31, 2016, the State filed a petition to terminate T.L.G.'s parental rights.  The petition alleged that M.I.G. was a child in need of continued protection or services (continuing CHIPS) and failure to assume parental responsibility.

¶3    At a hearing on December 12, 2016, T.L.G. requested new counsel.[2]  The circuit court denied the request, but granted counsel's request for a competency evaluation of T.L.G. and a determination of whether T.L.G. was in need of a guardian ad litem (GAL).  Dr. Kenneth Sherry conducted a competency evaluation and determined that T.L.G. was competent to proceed without the assistance of a GAL.  At counsel's request, Dr. Sherry conducted a second evaluation and ultimately a GAL was appointed to assist T.L.G. in the proceedings.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  This was the second time T.L.G. requested new counsel.  The circuit court initially appointed counsel from the State Public Defender's Office.  At a previous hearing, T.L.G. requested new counsel.  The circuit court granted T.L.G.'s request.

¶4    On July 19, 2017, T.L.G. appeared with adversary counsel, her GAL, and an advocate from Casa Maria. The circuit court stated that it was informed that T.L.G. wished to plead no contest and that the court had a discussion with T.L.G.'s counsel in chambers to "make sure that I understood where everybody was at in making that decision." The court confirmed with T.L.G. that she wished to plead no contest to grounds. The court conducted a colloquy with T.L.G. regarding the rights she was giving up by her no contest plea. The court accepted T.L.G.'s no contest plea to the ground of continuing CHIPS, pursuant to WIS. STAT. § 48.415(2), and proceeded to hear testimony from the ongoing case manager in support of this ground.[3] Based on T.L.G.'s no contest plea, the testimony adduced at the hearing, as well as the documents related to the underlying CHIPS case, the circuit court found the State had established grounds by clear and convincing evidence. T.L.G. was found unfit, and the matter was adjourned for a contested disposition hearing.

¶5    Following the disposition hearings, the circuit court issued a written decision finding termination of T.L.G.'s parental rights to be in her child's best interest. The court found that while T.L.G. and the child were bonded and there was no adoptive resource, T.L.G. was unable to provide a safe living environment for the child, had not made significant progress in addressing her mental health issues, and was unwilling to consistently participate in the services that would assist her.

---

[3] T.L.G. does not dispute that the circuit court's colloquy complied with the requisites of WIS. STAT. § 48.422(7). Rather, T.L.G. contends that the court was in error for relying on the colloquy when T.L.G. did not understand the plea.

**Postdisposition**

¶6    Following disposition, T.L.G. filed a notice of appeal.  This court remanded the matter to the circuit court.  T.L.G. filed a postdisposition motion alleging that her no contest plea was not knowing, voluntary, or intelligent because she did not understand the rights she was giving up and because she did not understand that she "was giving up a claim that the Department did not provide reasonable efforts" to provide court-ordered services in an attempt to reunify her with her son.  T.L.G. alleged that her lack of understanding was a result of inaccurate advice from her counsel.

¶7    At a hearing on the motion, T.L.G. testified that she pled no contest because she "didn't really understand [the plea]," and that her counsel "didn't think I had a good chance of winning."  T.L.G. stated that she was unaware that the County was required to prove that the Department of Milwaukee Child Protective Services (DMCPS) made reasonable efforts to provide the services that would help reunite T.L.G. with her son.  She also stated that she was not aware that the County had to prove that T.L.G. failed to meet the conditions of return and would likely not do so within the following nine months.  When asked specific questions about what T.L.G. did and did not understand when she pled no contest, T.L.G. responded:  "I didn't know what I was answering.  You guys throw stuff at people and, you know, expect them to understand it.  I don't fully understand the system.  I don't like it.  I don't agree with it."

¶8    T.L.G.'s defense counsel, Jill Vento, also testified, telling the court that she ultimately advised T.L.G. to plead no contest after "assess[ing] the statutory factors.  So number one. [M.I.G.] was a child who was found to be in need of protection or services with a dispositional order.  He had been out of the

4

home for six months or more. She had not met the conditions for return. The Department had made reasonable efforts, and it was unlikely that she was going to meet the conditions within the next nine months." Vento stated that T.L.G.'s cognitive limitations made it difficult for T.L.G. to "connect the dots," in that T.L.G. did not understand how she was failing to meet the conditions for her son's return. Vento stated that her decision to advise T.L.G. to plead no contest was strategic "[g]iven that the Department made reasonable efforts, that she didn't meet the strict statutory requirements of the CHIPS dispositional order, out of the home for six months, those things were not even at issue. We had a chance to win at the dispositional hearing because I felt I could establish that she had a substantial relationship with [M.I.G.]." T.L.G. asked Vento if she told T.L.G. that if a jury does not find that the Department made reasonable efforts then the jury does not consider whether T.L.G. met the conditions for return. Vento responded "I got to the point where we assessed did they make reasonable efforts, and my conclusion was yes, they did."

¶9 The postdisposition court denied T.L.G.'s motion. The court stated "while I have found that the plea itself satisfies the requirements, the question is whether [T.L.G.'s] testimony today is credible vis-a-vis the testimony of other witnesses, and by and large I do not find it to be credible relative to the alleged claim she did not know, as has been alleged, that she could have challenged reasonable efforts instead of entering her plea." This appeal follows.

## DISCUSSION

¶10 On appeal, T.L.G. argues her plea was not knowing, voluntary, or intelligent because "counsel misinformed her, and she did not understand that the

County's failure to make reasonable efforts was both [an] element and a defense in the TPR petition."

¶11 When a parent alleges that a stipulation was not knowingly, voluntarily, and intelligently made, we apply the *Bangert* analysis.[4] *See Waukesha Cty. v. Steven H.*, 2000 WI 28, ¶42, 233 Wis. 2d 344, 607 N.W.2d 607. Under the *Bangert* analysis, the parent "must make a prima facie showing that the circuit court violated its mandatory duties and he [or she] must allege that in fact he [or she] did not know or understand the information that should have been provided at the ... hearing." *Steven H.*, 233 Wis. 2d 344, ¶42. "If [the parent] makes this prima facie showing, the burden shifts to the [State] to demonstrate by clear and convincing evidence that [the parent] knowingly, voluntarily and intelligently waived the right to contest the allegations in the petition." *Id.* If the parent fails to make a prima facie case, the circuit court may deny the motion without an evidentiary hearing. *See id.*, ¶43. Whether a parent has presented a prima facie case is a question of law that we review *de novo*. *See Oneida Cty. DSS v. Therese S.*, 2008 WI App 159, ¶7, 314 Wis. 2d 493, 762 N.W.2d 122. In doing so, we look to the totality of the circumstances and the entire record to determine the sufficiency of the circuit court's colloquy. *See Steven H.*, 233 Wis. 2d 344, ¶42.

¶12 We conclude that the postdisposition court performed a thorough *Bangert* analysis and found that T.L.G.'s plea was knowing, voluntary, and intelligent. *See Steven H.*, 233 Wis. 2d 344, ¶ 42. As a result, the court found that T.L.G. had not established a prima facie case that an evidentiary hearing was

---

[4] *See State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

necessary, and denied her motion. *See id.*, ¶43. In our review of the record, we come to the same conclusion.

¶13     At the postdisposition hearing, T.L.G.'s testimony centered less on her plea and more on her frustration with the termination process as a whole. She testified: "I knew I was going to have a court date and I was going to be called to testify. I simply did not want you guys to terminate my rights or whoever did, the judge or you guys.... I want to be done working with you guys." T.L.G. testified that she was upset about losing her son and being "TPR'd," telling the court "I don't like what happened in court, and I don't like that my rights were terminated. I don't think this is a fair system." When asked specific questions about what she remembered or understood, T.L.G. testified that she did not remember what Vento had told her about the County's responsibility to make reasonable efforts, that she did understand she would be found unfit, and that she did not remember being advised about the best interest of the child standard. Vento testified that she worked with T.L.G. to the best of her abilities. Vento testified that she independently arrived at the conclusion that DMCPS made reasonable efforts and made a strategic decision to focus on the strength of T.L.G.'s case at disposition rather than at the grounds hearing.[5]

¶14     The postdisposition court found T.L.G.'s testimony to be "in direct contradiction" of T.L.G.'s plea testimony and found her to be not credible. Specifically, the court stated, "to the extent that [T.L.G.] suggests she did not

---

[5] T.L.G. first asserts that because trial counsel did not understand the sequential nature of the relevant jury instruction, WIS JI—CHILDREN 324A, as it applies to reasonable efforts, her plea was not knowing, intelligent, and voluntary. Because the record supports the postdisposition court's decision, particularly counsel's testimony about her strategic decisions, we need not address this issue.

understand or know about things, the court does not find that credible, particularly compared with the transcript of [the plea] hearing ."  We accept the court's findings. *See **Nicholas C.L. v. Julie R.L.***, 2006 WI App 119, ¶23, 293 Wis. 2d 819, 719 N.W.2d 508 (When the postdisposition court acts as fact-finder, it is the assessor of witness credibility and we will not overrule the court's credibility determination unless the court's findings are patently incredible.).  Accordingly, we conclude that the record supports the postdisposition court's finding that T.L.G. has not made a prima facie showing that her no contest plea was not knowing, voluntary, or intelligent.[6]

¶15    For the foregoing reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] The State's brief argues that Vento did not provide ineffective assistance of counsel. We note that T.L.G. did not raise a claim of ineffective assistance of counsel in her brief, therefore we do not address this argument.