**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 12, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP652**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020TP34

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.G., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

   V.

A.G.,

      RESPONDENT-APPELLANT.

        APPEAL from orders of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Reversed and cause remanded with directions.*

¶1    DONALD, P.J.[1]  A.G. appeals an order terminating his parental rights to Anna.[2]  He also appeals from an order denying relief after we reversed and remanded this case for an evidentiary hearing on whether his no contest plea was knowing, intelligent, and voluntary.  For the reasons set forth below, we reverse and remand with directions to allow A.G. to withdraw his plea.

## BACKGROUND

¶2    The relevant background facts of this case are not in dispute.  On February 13, 2020, the State filed a petition to terminate A.G.'s parental rights to Anna.  A hearing on the petition was held on June 1, 2020.  At the hearing, the circuit court explained A.G.'s rights in connection with termination of parental rights proceedings and how the proceedings worked.[3]

¶3    Ten months later, on April 13, 2021, A.G. pled no contest to the ground of continuing CHIPS, and the matter proceeded to disposition.  The trial court found that it was in Anna's best interests to terminate A.G.'s parental rights.

¶4    A.G. filed a post-disposition motion seeking to withdraw his no contest plea on the basis that his plea was not knowing, intelligent, and voluntary.  A.G. alleged that:  (1) the trial court failed to establish during the plea

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] A.G. and his daughter share the same initials.  We use the pseudonym "Anna" to refer to A.G.'s daughter for ease of reading.

[3] The Honorable Mark A. Sanders presided over the hearing on the petition.  We refer to Judge Sanders as the circuit court.  The Honorable Ellen R. Brostrom presided over the plea hearing, the dispositional hearing, and the post-disposition proceedings.  We refer to Judge Brostrom as the trial court.

colloquy that he understood the potential dispositions that may occur after the entry of a no contest plea; and (2) that the trial court improperly explained the statutory standard that would apply at disposition.

¶5     A hearing on the post-disposition motion took place on November 12, 2021, and the trial court denied A.G.'s motion without taking evidence. The trial court found that A.G. failed to make a prima facie case that his plea was not knowing, voluntary, and intelligent.

¶6     A.G. appealed, and we reversed and remanded for an evidentiary hearing. *See **State v. A.G.** (**A.G. I**)*, No. 2021AP1476, unpublished slip op. (WI App Feb. 15, 2022). Based on the plea hearing transcript and the allegations in A.G.'s post-disposition motion, we concluded that A.G. had made a prima facie showing for an evidentiary hearing. ***Id.***, ¶¶12, 21. We indicated that at the evidentiary hearing, the State would have an opportunity to present evidence to establish that A.G.'s plea was knowing, voluntary, and intelligent. ***Id.***, ¶22.

¶7     On March 30, 2022, the trial court held a hearing. At the start of the hearing, A.G.'s counsel informed the court that A.G. was not present, and that he did not have an explanation for A.G.'s absence. The State indicated that its intention would have been to call A.G.; however, its position was that the argument could be made on the transcripts.

¶8     The State moved the transcripts into evidence, and based on the transcripts, argued that A.G.'s plea was knowing, intelligent, and voluntary. The Guardian ad Litem (GAL) joined in the State's argument. A.G.'s counsel contended that the transcripts were insufficient for the State to meet its burden.

¶9 The trial court indicated that it would be issuing a written decision, but at that point, it was denying A.G.'s motion to withdraw his plea. The trial court stated that the State had met its burden by clear and convincing evidence. The trial court also stated that it did not have any evidence to the contrary, which supported the finding that the State had met its burden.

¶10 In its written decision, the trial court found that A.G. was fully informed of the dispositional options at the June 1, 2020 hearing and he "illustrated he understood these outcomes by testifying at disposition in favor of reunification and the continuation of the CHIPS proceedings, rather than termination." The trial court also stated that at the dispositional hearing it applied "both the preponderance and the clear and convincing standards," thus, "[a]ny application of the clear and convincing standard would have been to [A.G.'s] advantage" and "he was not prejudiced on this front." This appeal follows. Additional relevant facts will be referenced below.

## DISCUSSION

¶11 "A parent's interest in the parent-child relationship and in the care, custody, and management of his or her child is recognized as a fundamental liberty interest protected by the Fourteenth Amendment." *Steven V. v. Kelly H.*, 2004 WI 47, ¶22, 271 Wis. 2d 1, 678 N.W.2d 856 (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). Accordingly, termination of parental rights adjudications "are among the most consequential of judicial acts, involving as they do 'the awesome authority of the State to destroy permanently all legal recognition of the parental relationship.'" *Id.*, ¶21 (citation omitted).

¶12 "[I]t is during the first phase of an involuntary termination of parental rights proceeding that the parent's interest in the parent-child relationship

4

is most jealously protected." ***Brown Cnty. DHS v. Brenda B.***, 2011 WI 6, ¶34, 331 Wis. 2d 310, 795 N.W.2d 730.  A parent who chooses to enter a no contest plea during this phase is giving up valuable protections and must have sufficient knowledge of the rights being waived by making the plea. ***Id.***

¶13     To ensure that a parent's plea is knowing, voluntary, and intelligent, the trial court must engage the parent in a colloquy. ***Kenosha Cnty. DHS v. Jodie W.***, 2006 WI 93, ¶25, 293 Wis. 2d 530, 716 N.W.2d 845.  The colloquy is governed by WIS. STAT. § 48.422(7) and notions of due process. ***Brenda B.***, 331 Wis. 2d 310, ¶35.  A colloquy helps ensure that a parent's rights will not be terminated precipitously, arbitrarily, or capriciously. *See* ***Waukesha Cnty. v. Steven H.***, 2000 WI 28, ¶40, 233 Wis. 2d 344, 607 N.W.2d 607.

¶14     When a parent alleges that a colloquy failed to comply with WIS. STAT. § 48.422 or another mandatory duty, we use the framework set forth in ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). *See* ***Oneida Cnty. DSS v. Therese S.***, 2008 WI App 159, ¶6, 314 Wis. 2d 493, 762 N.W.2d 122.  Under ***Bangert***, "the parent must make a prima facie showing that the [trial] court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing." ***Therese S.***, 314 Wis. 2d 493, ¶6.  If a prima facie showing is made, the burden then shifts to the State "to demonstrate by clear and convincing evidence that the parent knowingly and intelligently waived the right to contest the allegations in the petition." ***Id.***

¶15     As stated above, we previously concluded that A.G. made a prima facie showing entitling him to an evidentiary hearing.  *See* ***A.G. I***,

No. 2021AP1476, ¶¶12, 21. The sole issue in this case is whether the State met its burden at the remand hearing.

¶16 In meeting its burden under **Bangert**, the State "may rely 'on the totality of the evidence, much of which will be found outside the plea hearing record.'" **State v. Brown**, 2006 WI 100, ¶40, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted). The State may, for example, present the testimony of the parent and trial counsel to establish the parent's understanding. *See id.* The State may also utilize a plea questionnaire, documentary evidence, recorded statements, and transcripts of prior hearings to satisfy its burden. *Id.*

¶17 When determining whether the State met its burden, we accept the circuit court's findings of historical and evidentiary fact unless they are clearly erroneous. **State v. Hoppe**, 2009 WI 41, ¶45, 317 Wis. 2d 161, 765 N.W.2d 794. We independently determine whether those facts demonstrate that the parent's plea was knowing, intelligent, and voluntary. *Id.*

¶18 On appeal, A.G. renews his argument that his plea was not knowing, intelligent, and voluntary because the court failed to establish that he understood the potential dispositions at the plea hearing, and the State failed to prove that he understood this information. *See* WIS. STAT. § 48.422(7)(a) (stating that the trial court shall "determine that the admission is made voluntarily with understanding of … the potential dispositions"); **Therese S.**, 314 Wis. 2d 493, ¶16 (stating that a trial court must inform a parent that it "will hear evidence related to the disposition and then will either terminate the parent's rights or dismiss the petition if the evidence does not warrant termination").

¶19 In response, the State and GAL point to the transcript of the hearing on the petition on June 1, 2020, which took place approximately ten months before

the plea hearing. The June 1, 2020 hearing transcript reflects that the circuit court explained, along with other things, the potential dispositions to A.G., and A.G. stated that he understood.

¶20 While there is no requirement as to what evidence the State presents at a ***Bangert*** hearing, we conclude that a pre-plea transcript from approximately ten months before the plea hearing standing alone is insufficient to establish by clear and convincing evidence that A.G. understood the potential dispositions at the time of his plea. At the remand hearing, the State did not present any testimony or witnesses pertaining to A.G.'s knowledge and understanding at the time of the plea. For example, the State did not call trial counsel to testify regarding what he explained to A.G.[4] Nor did the State introduce or point to any documentary evidence, such as a plea questionnaire or notes from trial counsel. *Contrast with* ***State v. Bollig***, 2000 WI 6, ¶¶54-55, 232 Wis. 2d 561, 605 N.W.2d 199 (holding that a plea questionnaire coupled with a pre-hearing proceeding was sufficient to establish the State's burden to show by clear and convincing evidence that the defendant was aware of the nature of the offense); ***State v. Taylor***, 2013 WI 34, ¶¶35-38, 347 Wis. 2d 30, 829 N.W.2d 482 (holding that the record was "replete with evidence" that the defendant was aware of the potential penalty when the penalty was listed on the complaint, the information, and the plea questionnaire, which the defendant signed, acknowledging that he had read and understood the form).

---

[4] We recognize that A.G. did not appear at the hearing; however, the State chose to proceed on the transcripts as opposed to seeking an adjournment to secure A.G.'s presence.

¶21      In addition, the State did not introduce or point to any information in the record establishing that A.G. had familiarity with the potential dispositional outcomes due to a previous termination of parental rights case, or personal characteristics, such as a college education, that might make him particularly savvy regarding legal proceedings.  Thus, we conclude that, under the particular facts in this case, that a pre-plea transcript from approximately ten months prior to the plea hearing was insufficient to establish A.G.'s understanding of the potential dispositions at the time of the plea.[5]

¶22      Moreover, even if we assume that the record was sufficient for the State to meet its burden on A.G.'s first claim, A.G. raises a second ground for plea withdrawal.  A.G. contends that the circuit court incorrectly advised him at the plea hearing that there would need to be clear and convincing evidence at the disposition for his parental rights to be terminated when in fact there is no burden of proof.  *See* WIS. STAT. § 48.426.

¶23      In response, the State again relies on the June 1, 2020 hearing, at which the best interest standard was explained.  This overlooks, however, that A.G. was subsequently incorrectly advised at the plea hearing regarding the burden of proof.  We do not see how a transcript from an earlier hearing establishes by clear and convincing evidence that A.G.'s plea was knowing,

---

[5] The State and GAL also point to A.G.'s testimony at the dispositional hearing and A.G.'s trial attorney's argument at the dispositional hearing, which took place *after* the plea hearing.  A defendant's understanding is measured at the time of the plea.  *See* *State v. Finley*, 2016 WI 63, ¶44, 370 Wis. 2d 402, 882 N.W.2d 761; *State v. Bangert*, 131 Wis. 2d 246, 283, 389 N.W.2d 12 (1989); *State v. Brown*, 2006 WI 100, ¶40, 293 Wis. 2d 594, 716 N.W.2d 906 (stating that the State may utilize "transcripts of prior hearings" to satisfy its burden).

intelligent, and voluntary when incorrect information was provided at a later plea hearing.

¶24     Finally, the GAL suggests that any error was not prejudicial. The GAL, however, does not cite any legal authority or develop an argument for the proposition that we undergo a prejudice analysis in this context. As a result, we decline to address this argument. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶25     Therefore, we conclude that the State failed to meet its burden at the remand hearing by clear and convincing evidence to establish that A.G.'s plea was knowing, voluntary, and intelligent. Accordingly, we reverse and remand to the trial court to permit A.G. to withdraw his plea.

*By the Court.*—Orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.