**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 4, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP779**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021TP79

**IN COURT OF APPEALS**
**DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.C., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

M.J.C.,

      RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed*.

¶1 DONALD, P.J.[1] M.J.C. appeals an order of the trial court terminating his parental rights to Joan.[2] M.J.C. argues that his no contest plea was not knowingly, intelligently, and voluntarily entered. For the reasons set forth below, we reject M.J.C.'s argument, and affirm.

## BACKGROUND

¶2 Joan was born on October 19, 2012. On July 3, 2019, police found C.L., Joan's biological mother, overdosed from drugs and passed out in the front seat of a car. Six-year-old Joan was in the backseat of the car. The Division of Milwaukee Child Protective Services detained Joan on July 10, 2019.

¶3 M.J.C. completed the required conditions and was reunified with Joan. Subsequently, M.J.C.'s probation was revoked due to a domestic violence incident, and Joan was returned to foster care.

¶4 The State filed a petition to terminate M.J.C.'s parental rights to Joan on April 5, 2021.[3] The petition alleged that Joan was a child in continuing need of protection or services (continuing CHIPS), and that M.J.C. had failed to assume parental responsibility.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] To protect confidentiality, and for ease of reading, we refer to J.C. using "Joan," a pseudonym. *See* WIS. STAT. RULE 809.19(1)(g).

[3] The State also petitioned to terminate the parental rights of C.L. Subsequently, C.L. passed away, and the petition was dismissed as to her. This decision focuses on the facts and the proceedings as they relate to M.J.C.

¶5      A hearing on the petition was held on May 3, 2021. M.J.C. indicated that he wished to contest the petition, and reserved his right to request a jury trial. A jury trial was eventually scheduled for January 31, 2022.

¶6      On the day of trial, M.J.C. waived his right to a jury and proceeded with a court trial. The State called K.S., an initial assessment social worker, and M.J.C.

¶7      The following day, the State called P.M., the ongoing case manager. Following a break, M.J.C.'s attorney indicated that M.J.C. wanted to enter a no contest plea to the ground of failure to assume parental responsibility. The trial court conducted a detailed colloquy with M.J.C. Based on the testimony that had been presented, the court accepted M.J.C.'s plea and found that M.J.C. was unfit. The other ground of continuing CHIPS was dismissed. The case then proceeded to disposition.

¶8      After additional testimony, on February 3, 2022, the trial court found that it was in Joan's best interests to terminate M.J.C.'s parental rights.

¶9      On June 7, 2022, M.J.C. filed a motion to withdraw his no contest plea because the plea colloquy "was defective." The motion noted that during the plea colloquy the trial court had informed M.J.C. that at the dispositional phase, he could "force the petitioner to prove to a reasonable certainty that adoption serves the best interest [of] your child and if they don't, the petition has to be dismissed[.]" The motion contended that this "misstated the burden of proof for the dispositional hearing" because "[t]here is no statutory requirement for the State to prove at the dispositional hearing that adoption is the child's best interest to a reasonable certainty." M.J.C. further alleged that "he did not know and was not

3

aware that at the dispositional hearing the best interest of his child would be determined solely by the trial court's discretion."

¶10    On July 29, 2022, a hearing took place on the post-disposition motion. The trial court found that M.J.C. failed to make a prima facie showing that the trial court violated any of its mandatory duties, and denied the post-disposition motion without a hearing. This appeal follows.

**DISCUSSION**

¶11    On appeal, M.J.C. renews his argument that his plea was not knowingly, intelligently, and voluntarily entered.

¶12    When a parent alleges that a plea was not knowingly, intelligently and voluntarily entered, we use the analysis set forth in ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). *See **Oneida Cnty. DSS v. Therese S.***, 2008 WI App 159, ¶6, 314 Wis. 2d 493, 762 N.W.2d 122.

¶13    Under ***Bangert***, a post-disposition motion "must make a prima facie showing that the [trial] court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing." ***Therese S.***, 314 Wis. 2d 493, ¶6. "If a prima facie showing is made, the burden then shifts to the [petitioner] to demonstrate by clear and convincing evidence that the parent knowingly and intelligently waived the right to contest the allegations in the petition." ***Id.*** Whether a parent "has presented a prima facie case by pointing to deficiencies in the plea colloquy and sufficiently alleging [he or] she did not know or understand information that should have been provided in the colloquy is a question of law we review independently." ***Id.***, ¶7.

¶14 In this case, we conclude that M.J.C. has failed to meet his burden under ***Bangert***. M.J.C.'s post-disposition motion does not contain sufficient allegations entitling him to relief.

¶15 M.J.C.'s post-disposition motion contended that the plea colloquy was defective because the trial court "misstated the burden of proof for the dispositional hearing." M.J.C.'s motion, however, only alleged that "he did not know and was not aware that *at the dispositional hearing the best interest of his child would be determined solely by the trial court's discretion*" (emphasis added). The fact that the outcome of the dispositional hearing would be determined solely by the trial court was addressed in the plea colloquy. During the plea colloquy, the trial court advised M.J.C. that the dispositional phase is "about the best interest of the child" and that the "determination as to whether or not your parental rights should be terminated, will be made by me[.]"

¶16 As stated above, under ***Bangert***, a parent must show both that the trial court violated a mandatory duty, and sufficiently allege that the parent did not know or understand the information that should have been provided. *See **Therese S.***, 314 Wis. 2d 493, ¶6. This requirement was not fulfilled here. Accordingly, we affirm the order terminating M.J.C.'s parental rights to Joan.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.