COURT OF APPEALS
DECISION
DATED AND FILED

November 14, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1137**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020TP257

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO F. E., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

B. M.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Reversed and cause remanded with directions.*

¶1 WHITE, C.J.[1] B.M. appeals from the order terminating her parental rights to her son, F.E.[2] She argues that the circuit erroneously exercised its discretion when it denied her postdisposition motion for plea withdrawal without an evidentiary hearing. She asserts that her due process rights were violated because the circuit court informed her in the plea colloquy of the wrong statutory standard for the dispositional phase of the termination of parental rights (TPR) proceedings. Upon review, we conclude that B.M. has made a prima facie case of a defect in the plea colloquy and we, therefore, remand for an evidentiary hearing.

## BACKGROUND

¶2 The State filed a petition to terminate B.M.'s parental rights to F.E. in November 2020. As grounds, the State alleged that F.E. was a child in need of protection or services (CHIPS) on a continuing basis and B.M. failed to assume parental responsibility for F.E. F.E. was detained by the Division of Milwaukee Child Protective Services (DMCPS) from the hospital after his birth in November 2018. DMCPS had cases involving B.M.'s three older children; an in-home placement for F.E. was not deemed safe due to domestic violence incidents.

¶3 In October 2022, B.M. decided to plead no contest to the continuing CHIPS ground of the TPR. The court conducted the plea colloquy before accepting the plea. The circuit court explained that B.M. had an "absolute right to have a trial[.]" It stated that by "pleading no contest in the grounds phase, you

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] We refer to the family in this matter by initials to maintain confidentiality and privacy, in accordance with WIS. STAT. RULE 809.19(1)(g).

give up your right to fight against the TPR at the grounds phase and acknowledge that the petitioner can prove a reason or there is a basis to terminate your parental rights[.]" The court listed rights that B.M. would give up by pleading no contest to the grounds, including that she was "giving up the right to force the State, who is the petitioner, to prove the facts in the petition are true or substantially true to a reasonable certainty by clear, satisfactory and convincing evidence." The court explained that if B.M. plead no contest, she kept her "right to fight against the termination only at the best interest or the dispositional phase of these proceedings."

¶4 The court then discussed B.M.'s rights in "the best interest phase of the proceedings":

> [Y]ou would have all of the rights that we talked about earlier except your right to a jury determination. You can testify yourself if you choose to do so, you can call other witnesses, you can question through your lawyer the witnesses who are testifying in support of the petition in an effort to discredit their testimony. You can force the petitioner to prove to a reasonable certainty that adoption serves the best interest of your child and if they don't, then the petition would have to be dismissed and a different alternative would have to be pursued.

Next, the court listed several dispositions to the TPR petition including termination of parental rights; dismissal of the petition and the "the immediate return of your child to your care without the involvement of the child welfare authorities" if the court considered it "safe and appropriate"; the child remaining in foster care while the court ordered "that the child welfare authorities continue to work with you to resolve the safety issues anticipating a future return to you when those issues are resolved"; or a "transfer guardianship to a relative or the current caregivers as an alternative to TPR[.]"

¶5 Prior to the colloquy questions, the GAL asked the court to clarify the standard:

> [THE GAL:] Your Honor, I would just ask to clarify, [B.M.], when the [c]ourt said that you have the same trial rights in the second half of the case, do you understand that he was referring specifically to the right to call witnesses and the right to cross-examination and that does not include the right to have the State prove by clear and convincing evidence that it is in the child's best interests?
>
> [B.M.:] I do.
>
> [THE GAL:] So you understand that at disposition the only driving factor is the trial court will determine what is in [F.E.'s] best interests?
>
> [B.M.:] I do.

¶6 The court then conducted the plea colloquy questions, confirming with B.M. that her decision to plead no contest was made without coercion, that she had discussed the petition with her attorney, and that she was satisfied with her attorney's representation. B.M.'s attorney confirmed that she believed B.M.'s no contest plea was valid. The court found that B.M.'s no contest plea was "informed and voluntary" and accepted it.

¶7 The court conducted a hearing the following week at which the State proved the grounds for the TPR petition as required by statute. The proceedings moved to the dispositional phase on January 27, 2023. The court heard testimony from F.E.'s foster mother, the family case manager, and B.M. With consideration of the required factors in WIS. STAT. § 48.426(3), the circuit court concluded that it was in F.E.'s "best interests to terminate his parents' rights so he can be in a more stable and permanent family relationship and not languish in foster care[.]" The court stated that it considered the "evidence in light of the best interest of the

child standard," and it concluded that "as a matter of law that the termination of parental rights has been proven by clear, convincing and satisfactory evidence that it is in the best interest of [F.E.] that his parents' rights are terminated."

¶8     In August 2023, B.M. moved to withdraw her plea as postdisposition relief.  During a motion hearing on August 17, 2023, the court denied B.M.'s motion concluding that statements about the State having a burden of proof of clear and convincing evidence was an "insubstantial defect that was actually cured by the question of the [GAL], the five times that the [c]ourt advised B.M. that the standard was best interest," and that B.M. stated she understood what was happening in court during the plea colloquy.  The court denied B.M. an evidentiary hearing and denied the motion for relief.

¶9     B.M. now appeals.

## DISCUSSION

¶10    B.M. argues that she has alleged a prima facie case for plea withdrawal and the circuit court erred when it denied her motion without an evidentiary hearing.  We agree.  To understand why we remand this matter for an evidentiary hearing, we first consider our standard of review and then apply the facts within the plea hearing to that standard.

¶11    A plea in a termination of parental rights case must be entered knowingly, voluntarily, and intelligently.  *Kenosha Cnty. DHS v. Jodie W.*, 2006 WI 93, ¶24, 293 Wis. 2d 530, 716 N.W.2d 845.  Prior to accepting a plea of no contest to a termination petition, the circuit court is required to engage in a personal colloquy with the parent.  *See* WIS. STAT. § 48.422(7); *Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶5, 314 Wis. 2d 493, 762 N.W.2d 122.  If a

5

parent asserts in postdisposition that there was a defect in the plea colloquy and moves for plea withdrawal, we engage in the same analysis used in criminal cases set forth in *Bangert*.[3] *Waukesha Cnty. v. Steven H.*, 2000 WI 28, ¶42, 233 Wis. 2d 344, 607 N.W.2d 607, *holding modified on other grounds by St. Croix Cnty. DHHS v. Michael D.*, 2016 WI 35, 368 Wis. 2d 170, 880 N.W.2d 107.

¶12  First, a parent challenging a no contest plea "must make a prima facie showing that the circuit court violated its mandatory duties of informing the [parent] of his or her rights," and the parent must allege that he or she "did not know or understand the rights that he or she was waiving." *Jodie W.*, 293 Wis. 2d 530, ¶26. If the parent fails to make this prima facie showing, the court may deny the motion for plea withdrawal without additional proceedings. *See Steven H.*, 233 Wis.2d 344, ¶43. Whether B.M. presented a prima facie case in her motion for plea withdrawal is a question of law that we review independently. *Therese S.*, 314 Wis.2d 493, ¶7.

¶13  If the parent sufficiently alleges a prima facie showing, the burden shifts to the petitioner, "to demonstrate by clear and convincing evidence" in a postdisposition evidentiary hearing "that the parent knowingly and intelligently waived the right to contest the allegations in the petition." *Id.*, ¶6; *see State v. Brown*, 2006 WI 100, ¶¶36, 40, 293 Wis. 2d 594, 716 N.W.2d 906. The parent's "right to an evidentiary hearing under *Bangert* cannot be circumvented by either the court or the State asserting that based on the record as a whole the [parent], despite the defective plea colloquy, entered a constitutionally sound plea." *See State v. Howell*, 2007 WI 75, ¶7, 301 Wis. 2d 350, 734 N.W.2d 48.

---

[3] *State v. Bangert*, 131 Wis.2d 246, 274-75, 389 N.W.2d 12 (1986).

¶14    The State argues that the circuit court sufficiently explained that the best interests of the child was the standard for the dispositional phase, with multiple references to the standard throughout the colloquy.  It contends that B.M. has failed to make the required prima facie showing and therefore, the circuit court did not err when it denied her motion without a hearing.  B.M. asserts that it is a critical disposition issue for the court to advise a parent in a TPR proceeding on the burden of proof.  *See **Therese S.***, 314 Wis. 2d 493, ¶16.

¶15    Our examination of the record shows that the circuit court explained the burdens and standards for a TPR proceeding in multiple ways.[4]  The record reflects that the court used the words best interests five times in the plea hearing. In three of those cases, the court used the terms as synonyms—that is that the second phase was "best interest or the dispositional phase of these proceedings."[5] However, we are not persuaded that even the court's repeated references to the dispositional phase as the best interests phase provides meaningful information to a parent about the statutory standard.

¶16    The court's fourth reference to the best interests does not clarify the situation:  "You can force the petitioner to prove to a reasonable certainty that adoption serves the best interest of your child and if they don't, then the petition

---

[4]  While this court and the postdisposition court may consider the record prior to the plea colloquy, here, the circuit court's statements at the initial appearance also misinform B.M. about the burden in the dispositional phase, stating:  "The State has to prove by clear, convincing, and satisfactory evidence that it is in the child's best interest to terminate your parental rights and that the [c]ourt should do so."  As recurred in the plea hearing, where the court also described the dispositional phase as "best interest of the child standard," such a statement does not clarify that the best interests standard does not put a burden on the State.

[5]  The court reversed the order "to the dispositional phase or the best interest phase" the third time.  The words are still used as synonyms even with a change in the position of the words.

would have to be dismissed and a different alternative would have to be pursued." This statement does not provide a formulation of the statutory standard, which focuses on the court considering the best interests of the child and not B.M. having a right to force the State to prove a case for adoption. *See Therese S.*, 314 Wis. 2d 493, ¶16. Instead, the court's statement echoes the standard it explained for the grounds phase, where it stated that in a no contest plea, "You are also giving up the right to force the State, who is the petitioner, to prove the facts in the petition are true or substantially true to a reasonable certainty by clear, satisfactory and convincing evidence." The similarity of the court's wording does not clarify that the two phases are governed by different standards under the statutes.

¶17 Finally, the court's fifth reference was that "the one and only issue at that point of the dispositional hearing is what is in the best interest of your child, termination and adoption or dismissal of the petition and pursuit of some other alternative." Although this statement does put the focus on the best interests, it does not put the focus on the court's considerations under the statutory standard or explain that there is no burden on the State to prove that termination was in E.F.'s best interests. Combined with the court's prior uses of the term, we conclude B.M.'s allegations are not conclusory and that she did not know or understand the information she was supposed to receive during the plea colloquy. Accordingly, she made "a prima facie showing that the circuit court" violated its duties to explain the statutory standard. *See Jodie W.*, 293 Wis. 2d 530, ¶26.

¶18 We acknowledge that the GAL attempted to clarify the statutory standard by asking B.M. if she understood that her rights in the second phase did "not include the right to have the State prove by clear and convincing evidence that it is in the child's best interests" to terminate her parental rights and that "at disposition "the only driving factor is the trial court will determine what is in

[F.E.'s] best interests." Nevertheless, "the duty to comply with the plea hearing procedures falls squarely on the [circuit court]." ***State v. Bangert***, 131 Wis. 2d 246, 278, 389 N.W.2d 12 (1986). Here, the circuit court did not explain the dispositional phase under Wisconsin law and it did not use the GAL's comments as a launching point to clarify the standard. "The faithful discharge of these duties [in a plea colloquy] is the best way we know for courts to demonstrate the critical importance of pleas in our system of justice and to avoid constitutional problems." ***Brown***, 293 Wis. 2d 594, ¶23.

¶19 Further, B.M. argues that the GAL's questions did not clarify the situation because while the GAL discussed that there was not "a clear and convincing" burden of proof at disposition, the circuit court told B.M. that she could "force the petitioner to prove to a reasonable certainty that adoption serves the best interest of your child." Without a clear explanation, B.M. may have believed both of those standards could apply at the same time.

¶20 The record reflects that the circuit court misinformed B.M. about the standard of review during the dispositional phase and instead stated in various language that the State was "forced to prove" that the termination was in F.E.'s best interests. In a postdisposition hearing, the circuit court conceded misstatements, but concluded that the differences were insubstantial. We disagree. The court did not misstate a technical defect or a minor detail, but failed in its duty

to explain how it would determine whether to terminate B.M.'s parental rights.[6] "A circuit court's failure to fulfill a duty at the plea hearing will necessitate an evidentiary hearing" when a parent alleges that she or he did not knowingly and intelligently enter into the plea because of the omitted information. *See id.*, ¶36. In that evidentiary hearing, the State will have an opportunity to present evidence, based on the entire record, relating to B.M.'s knowledge and understanding of the statutory standard that applies at disposition. *See id.*, ¶40.

## CONCLUSION

¶21    We conclude that B.M.'s postdisposition motion made a prima facie showing of a plea colloquy defect based on the circuit court's duty to explain the statutory standard in the dispositional phase and that she did not understand the actual standard. Accordingly, we reverse the order denying the postdisposition motion. We remand with directions for the circuit court to hold an evidentiary hearing to determine whether the State can prove her no contest plea was nonetheless entered knowingly, intelligently, and voluntarily.

*By the Court.*—Order reversed and cause remanded with directions.

---

[6] The GAL posits that this court should analogize the burden of proof conclusion that this court reached with regard to CHIPS dispositional and extension hearings. *See S.D.S. v. Rock Cnty. DSS*, 152 Wis. 2d 345, 357, 448 N.W.2d 282 (Ct. App. 1989) ("We conclude that the ordinary burden, the greater weight of the credible evidence, applies to CHIPS dispositional and extension hearings."). We decline to adopt this conclusion because the plain language of the statute requires that best interests of the child be the prevailing standard. We note that the Wisconsin Supreme Court issued a fractured decision in *State v. A.G.*, 2023 WI 61, 408 Wis. 2d 413, 992 N.W.2d 75, which showed four justices concluding, in two different opinions, that there was no burden in the dispositional phase and two justices concluding that the issue of a burden may be unsettled law.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.